**Richmond**

RAYMOND LEWIS LAVINDER, III

v.

COMMONWEALTH OF VIRGINIA

No. 0303-89-3

Decided July 30, 1991

COUNSEL

John Gregory, Jr., for appellant.

Robert Q. Harris, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—A rehearing *en banc* was granted in this appeal to consider what test applies in measuring whether a non-constitutional error is harmless. We conclude that, if it plainly appears from the facts and circumstances of a particular case that a non-constitutional error did not affect the verdict, the error is harmless.

█ In Virginia, non-constitutional error is harmless "[w]hen it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added). "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

█ Constitutional error, on the other hand, is harmless only when the reviewing court is "able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). The federal standard is not required, however, for a non-constitutional error. *See Mu'Min v. Commonwealth*, 239 Va. 433, 442 n.4, 389 S.E.2d 886, 892 n.4, *cert. granted in part*, 111 S. Ct. 242 (1990), *aff'd*, 111 S. Ct. 1899 (1991). While the federal standard expressly adopts "beyond a reasonable doubt" as the reviewing court's required level of confidence, the statutory standard for non-constitutional error does not.[1]

Use of the "beyond a reasonable doubt" standard, while an appropriate measure of confidence in fact finding, is an unusual device to use in deciding questions of law. Like "preponderance of

---

[1] We overrule the holding of a panel of this court in *White v. Commonwealth*, 9 Va. App. 366, 388 S.E.2d 645 (1990), that the federal test for harmless error applicable to constitutional error is also applicable to non-constitutional error.

the evidence" and "clear and convincing evidence," "beyond a reasonable doubt" is a relative and subjective standard suitable for measuring the probability of the occurrence of a past event. But, in determining if an error is harmless, a reviewing court does not decide the probability of the occurrence of a past event, i.e., if, in fact, the defendant committed the crime charged. It determines, instead, whether, as a matter of law, this decision by the fact finder was affected by the error. If so, the error is not harmless; if not, the error is harmless.

In making this decision with respect to non-constitutional error, the level of confidence used by a reviewing court is not "beyond a reasonable doubt." It is, instead, whether "it plainly appears from the record and the evidence given at trial," a more absolute measure and one more suitable for application to questions of law.

This does not mean, however, that the burden of proof at trial is not a consideration in a harmless error analysis. Even though the burden of proof at trial is not part of the test for measuring whether non-constitutional error is harmless, a reviewing court must take into account the burden of proof applied at trial when evaluating the impact of an error upon a verdict. To the extent that the impact of an error on a verdict is affected by the burden of proof, in a criminal case, the reviewing court must consider that the fact finder was required to reach its verdict "beyond a reasonable doubt."

■ Code § 8.01-678 applies to both civil and criminal cases. By requiring a reviewing court to consider the applicable burden of proof at trial, the provisions of Code § 8.01-678 can be applied to both civil and criminal cases.

The test for harmless error should complement rather than subvert the burden of proof at trial. Saltzburg, *The Harm of Harmless Error*, 59 Va. L. Rev. 988, 989 (1973). A civil case having a burden of proof with a lower degree of certainty than that required in a criminal case generally will not be tested for harmless error with the higher degree of certainty required by the burden of proof for criminal cases. Similarly, a criminal case requiring a higher degree of certainty in the burden of proof should not be tested for harmless error with the lower degree of certainty required by the burden of proof in civil cases. *See id.*

In criminal cases, the requirement of proof beyond a reasonable doubt is a constitutional requirement of due process. *In re Winship*, 397 U.S. 358, 364 (1970). Only by considering the burden of proof applied at trial when determining harmless error on appeal can this constitutional requirement be preserved.

In this case, in order to determine if it plainly appears that the error did not affect the verdict, we must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues. The defendant was tried for robbery of a music store employee who was on his way to make a night deposit at a bank. The employee who was robbed and another employee who was with him at the time of the robbery testified that the defendant was the robber. A nearby storekeeper identified the defendant as the person who she saw run past her when she heard cries from the employee who was robbed. A fourth person testified that he had seen the defendant in the vicinity at the time of the robbery. On the other hand, the defendant's mother, the mother's boyfriend, one of the defendant's friends, and the defendant all testified that at the time of the robbery the defendant was at his home.

During cross-examination, the defendant admitted that while he was a juvenile he had been found not innocent of two felonies. The trial court previously had ruled during a motion in limine, over the defendant's objection, that the prosecutor could ask the defendant on cross-examination whether he had been found not innocent of these offenses.

This was error,[2] but not one of constitutional dimension. As described in the panel opinion which heard this appeal, the prosecution has no constitutional right to cross-examine a defendant, and, in this case, the prosecution's cross-examination was limited by a policy of preserving a juvenile offender's anonymity as expressed in Virginia's juvenile law.

In determining whether this error could have affected the verdict, we must first determine whether the trial court gave a curative instruction. If it gave a curative instruction to the jury,

---

[2] For the reasons stated in its opinion, the panel which heard this appeal determined that this was error. The office of the Attorney General did not contest this holding in its petition for rehearing; therefore, we conclude that for purposes of this appeal it has acquiesced in it.

the jury is presumed to have followed "an explicit cautionary instruction promptly given" unless the record shows otherwise. *LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), *cert. denied*, 464 U.S. 1063 (1984). If, however, the trial court did not give a curative instruction, the error is presumed to be prejudicial "unless it plainly appears that it could not have affected the result."[3] *Caldwell v. Commonwealth*, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980).

██ The use of presumptions for this purpose has been criticized because presumptions are "ill-suited for appellate purposes where the only valid presumption is that regularity in proceedings is so important that error may not be lightly disregarded." *Saltzburg, supra*, at 1018. However, these presumptions stand only at the threshold of the harmless error analysis and constitute no more than an expression of the principle embodied in Code § 8.01-678. Restated, these presumptions mean only that at the beginning of the harmless error analysis, if the record reveals that the trial court promptly instructed the jury to disregard the effect of erroneously admitted evidence, the reviewing court may assume that the jury followed that instruction unless the record "suggests a manifest probability" that it did not. *Boykins v. Commonwealth*, 210 Va. 309, 313, 170 S.E.2d 771, 774 (1969). If, on the other hand, as in this case, there is no such instruction to rely upon, the reviewing court must consider the error prejudicial unless "it

---

[3] This principle has been consistently followed by Virginia courts in applying Code § 8.01-678 and is not, as suggested in Judge Keenan's concurring opinion, a new or inconsistently applied standard. *See Curtis v. Commonwealth*, 12 Va. App. 527, 405 S.E.2d 230 (1991); *White v. Commonwealth*, 9 Va. App. 366, 372, 388 S.E.2d 645, 648 (1990); *Bruce v. Commonwealth*, 9 Va. App. 298, 301, 387 S.E.2d 279, 280 (1990); *Crumpton v. Commonwealth*, 9 Va. App. 131, 138, 384 S.E.2d 339, 343 (1989); *Kelly v. Commonwealth*, 8 Va. App. 359, 368, 382 S.E.2d 270, 275 (1989); *Sargent v. Commonwealth*, 5 Va. App. 143, 155, 360 S.E.2d 895, 902 (1987); *Caldwell v. Commonwealth*, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980); *Dunn v. Strong*, 216 Va. 205, 210, 217 S.E.2d 831, 834 (1975); *City of Staunton v. Aldhizer*, 211 Va. 658, 666, 179 S.E.2d 485, 491 (1971); *Breeding v. Johnson*, 208 Va. 652, 659, 159 S.E.2d 836, 842 (1968); *Spence v. Miller*, 197 Va. 477, 482, 90 S.E.2d 131, 135 (1955); *Joyner v. Commonwealth*, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951); *P. L. Farmer, Inc. v. Cimino*, 185 Va. 965, 975, 41 S.E.2d 1, 6 (1947); *Kimball & Fink v. Borden*, 95 Va. 203, 207, 28 S.E. 207, 207 (1897); *see also Norfolk Ry. & Light Co. v. Corletto*, 100 Va. 355, 360, 41 S.E. 740, 742 (1902) ("[I]t is . . . well settled that if a . . . mistake of the court appear[s] in the record it must be presumed that it affected the verdict of the jury, and is therefore ground for which the judgment must be reversed, unless it plainly appears from the whole record that the error did not affect, and could not have affected, their verdict.").

plainly appears from the record and the evidence" that the verdict was not affected by the error. Code § 8.01-678.

■ This presumption of prejudice, however, does not suggest the need for a perfect trial. "No trial is perfect, and error will at times creep in." *Parsons v. Commonwealth*, 154 Va. 832, 852, 152 S.E. 547, 554 (1930). "Every man is entitled to a fair trial and to nothing more, and so . . . out of the imperative demands of common sense, has grown the doctrine of harmless error." *Oliver v. Commonwealth*, 151 Va. 533, 541, 145 S.E. 307, 309 (1928).

■ The effect of an error on a verdict varies widely "depending upon the circumstances of the case." *Commonwealth v. Story*, 476 Pa. 391, 409, 383 A.2d 155, 164 (1978). Each case must, therefore, be analyzed individually to determine if an error has affected the verdict.

In this case, there was no instruction to the jury directing them to disregard the defendant's juvenile record. In fact, the trial court instructed the jury that it could consider the evidence "as affecting his credibility." Consequently, we begin our analysis by considering the error prejudicial unless it plainly appears from the record and the evidence that the verdict was not affected by the error.

The decisive issue presented by the evidence at trial was whether the defendant was the perpetrator of the crime. The victim and a person who was with the victim said that the defendant was the robber. The other witnesses placed the defendant at the vicinity of the crime. These witnesses did not see any tattoos on the exposed arms of the robber even though the defendant has four tattoos on his arms. They did not see an injured ear on the robber even though the defendant had severely lacerated his ear eight days earlier which had required surgery and remained swollen and discolored. There were discrepancies in the testimony regarding height and hair color of the defendant. The defendant and three eyewitnesses testified that he was at home at the time of the robbery.

Only if the jury believed the eyewitnesses who said that the defendant was the robber or in the vicinity of the robbery and did not believe the defendant and the three witnesses who corroborated him, could it have found him guilty. The defendant's testi-

mony was critical. If it believed the defendant or could not decide whom to believe, it would have had to acquit him. Impeachment of the defendant, therefore, may have been a basis upon which the jury chose not to believe him. In addition, had the jury found the defendant's testimony incredible, it was entitled to infer that he had lied to conceal his guilt. *See Speight v. Commonwealth*, 4 Va. App. 83, 88, 354 S.E.2d 95, 99 (1987). Impeachment of the defendant, therefore, was an independent basis upon which the jury could have arrived at its verdict. We cannot say that impeachment of the defendant's exculpatory testimony was harmless.

In summary, evidence of the defendant's prior juvenile record offered to impeach his testimony, if successful in achieving its purpose, could have affected the verdict. We cannot say, therefore, that, in spite of the erroneous admission of this evidence, "it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached." Consequently, the judgment of conviction is reversed and the proceeding is remanded for a new trial.

*Reversed and remanded.*

Koontz, C.J., Benton, J., Duff, J., Moon, J., Cole, J.,* and Willis, J., concurred.

Keenan, J.,** joined by Coleman, J., concurring.

I believe that the test for review of non-constitutional error articulated by the majority is far more rigid than that provided by Code § 8.01-678. Further, while the majority expressly states that it does not apply the "harmless beyond a reasonable doubt" standard of *Chapman v. California*, 386 U.S. 18 (1967), to evaluate non-constitutional error, I believe that its standard is also more stringent than *Chapman*.

Code § 8.01-678 directs that the trial record be reviewed as a whole in determining whether trial error necessitates reversal of a cause. It provides:

---

\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

\*\* Justice Keenan participated in the hearing and decision of this case prior to her investiture as a Justice of the Supreme Court of Virginia.

> [W]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

This language requires the reviewing court to consider the nature of the error committed, in the context of the entire case, to determine whether the parties have had a fair trial and substantial justice has been reached. In contrast, the majority opinion requires the reviewing court to consider the fact finder's original burden of proof in weighing the error and presume that the error is prejudicial unless the record affirmatively shows that it did not affect the result.

Code § 8.01-678, however, does not require that the record affirmatively show that the error did not affect the verdict. Nevertheless, the majority imposes this requirement in the test that it articulates here. I believe that such a requirement is more stringent than the *Chapman* standard which the majority abandons today because this standard requires the reviewing court to find with certainty that the error had no effect upon the verdict, rather than simply finding beyond a reasonable doubt that the error was harmless. Even under the standard of review for constitutional error, "harmless beyond a reasonable doubt," the reviewing court is not required to disclaim every possibility that the error may have influenced a juror's consideration of the case, but only that no reasonable doubt exists upon the whole record that the verdict was affected by the error. Justice Traynor has said that non-constitutional error is harmless when it is "highly probable that the error did not affect the judgment." R. Traynor, *The Riddle of Harmless Error* 34-35 (1976). I believe that is but yet another way of saying that it "plainly appears . . . the parties have had a fair trial on the merits and substantial justice has been reached."

An appellate court must consider the error and evaluate its effect, if any, upon how the fact finder weighed and balanced the evidence or resolved the credibility of witnesses. Thus, while the appellate court, in considering whether error is harmless, does not weigh and balance the evidence in the role of fact finder to determine whether guilt has been proven beyond a reasonable doubt, it

does evaluate how the error may have affected the weight of evidence and credibility of witnesses in deciding whether, in accordance with the mandate of Code § 8.01-678, "the parties have had a fair trial on the merits and substantial justice has been reached."

In applying Code § 8.01-678, our Supreme Court has applied several tests for analyzing non-constitutional error. I believe that each of those tests is but another expression by the Supreme Court, in the context of the particular case, of the statutory standard that error will be deemed harmless when it "plainly appears" that "the parties have had a fair trial on the merits and substantial justice has been reached." In *Boykins v. Commonwealth*, 210 Va. 309, 313, 170 S.E.2d 771, 774 (1969), the Court stated: "[A] conviction should not be reversed unless the introduction of improper evidence suggests a manifest probability that it was prejudicial to the defendant." The use of this "test" by the Court appears to be limited to cases of non-constitutional error where a timely curative instruction has been given. In other cases involving non-constitutional error, our Supreme Court has cited Code § 8.01-678 while at the same time holding that the error at issue was "harmless beyond a reasonable doubt." *See Hopkins v. Commonwealth*, 230 Va. 280, 337 S.E.2d 264 (1985), *cert. denied*, 475 U.S. 1098 (1986); *Rozier v. Commonwealth*, 219 Va. 525, 248 S.E.2d 789 (1978).

Other "tests" for non-constitutional error have also been employed by the Supreme Court. In *Overbee v. Commonwealth*, 227 Va. 238, 315 S.E.2d 242 (1984), the Court looked to whether the evidence exclusive of the improper evidence was insufficient as a matter of law to support the conviction. In *Bond v. Commonwealth*, 226 Va. 534, 311 S.E.2d 769 (1984), the Court held that error in the admission of expert opinion may be harmless when the other evidence of guilt is overwhelming. In *Lane v. Commonwealth*, 223 Va. 713, 292 S.E.2d 358 (1982), the Court found that reversal was not required on the basis that the improper evidence did not excite the passions of the jury. In *Caldwell v. Commonwealth*, 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980), cited by the majority, the Court held that error is "presumed to be prejudicial unless it plainly appears that it could not have affected the result."

I do not believe that these cases, considered as a whole, require an initial presumption that the error is prejudicial unless the rec-

ord affirmatively shows that it did not affect the result. Although *Caldwell v. Commonwealth*, 221 Va. 291, 269 S.E.2d 811 (1980), cited by the majority, speaks of a presumption of prejudice, numerous Supreme Court cases following it do not. Further, while *Caldwell* has been cited by the Court in some of its decisions, many more cases decided since *Caldwell* have employed other tests for the review of non-constitutional error.

I disagree with the majority's decision to single out and select the *Caldwell* standard as a new uniform standard for application of Code § 8.01-678, particularly since *Caldwell* provides a more strict standard than *Chapman*. As recently as *Mu'Min v. Commonwealth*, 239 Va. 433, 442 n.4, 389 S.E.2d 886, 892 n.4 (1990), the Supreme Court noted that use of the *Chapman* standard is not required in reviewing cases of non-constitutional error. Since use of the *Chapman* standard is not required here, I conclude that use of the more stringent *Caldwell* standard is likewise not required. For this reason, I do not join in adopting the majority's new test which effectively paraphrases *Caldwell*.

Applying the plain language of Code § 8.01-678 to the case before us, I would find that a fair trial was not had on the merits. Lavinder's credibility was critical because his testimony and the testimony of his witnesses directly contradicted the Commonwealth's evidence. Therefore, the admission of the improper impeachment evidence does not, in my view, satisfy the standard of review provided in Code § 8.01-678. Accordingly, I concur in the majority's decision to reverse and remand this matter for a new trial if the Commonwealth be so advised.