Richmond

RICHARD JOHNSON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0230-93-2

Decided November 1, 1994

COUNSEL

Susan D. Hansen, Assistant Public Defender (David J. Johnson, Public Defender, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Richard Johnson contends that the trial court erred in conditioning severance of one of several charges against him on his agreement to wear civilian clothes rather than his military uniform at trial. We hold that Johnson, who was on active duty in the Navy, had the right to wear his uniform at trial and that the trial court erred in denying him that right. However, we find the error to be harmless and affirm the judgment of the trial court.

A grand jury indicted Johnson on eight charges arising from a single incident. One indictment charged that Johnson possessed a firearm after having been convicted previously of a felony. Johnson moved to sever this indictment from the other seven for trial. He asserted that he did not intend to testify. He argued that proof of his prior felony conviction, an element of the charge which he sought to have severed, was irrelevant to the other seven charges and would be inadmissible either as substantive proof or for impeachment. He argued that with respect to the other seven charges, proof of his prior conviction of a felony would serve only to prejudice him unduly in the eyes of the jury.

The Commonwealth moved *in limine* that the trial court forbid Johnson to wear his Navy uniform at trial. It argued that this display of military status was a form of character evidence and that if Johnson were not to testify, he could not be cross-examined concerning his conduct in the Navy and the positive inferences that would flow from his military service.

The trial court ruled that it would grant both motions or neither. It granted Johnson's motion to sever on condition that he appear for trial in civilian clothing. Preserving his objection, Johnson acceded to that ruling and appeared for trial in civilian dress. Upon trial by jury, he was convicted and sentenced on the remaining seven indictments. The severed indictment was nolle prossed.

■ "The conduct of a trial is committed to the sound discretion of the trial court." *Cunningham v. Commonwealth*, 2 Va. App. 358, 365, 344 S.E.2d 389, 393 (1986). *See also Justus v. Commonwealth*, 222 Va. 667, 676, 283 S.E.2d 905, 910 (1981), *cert. denied*, 455 U.S. 983 (1982). The conduct of a trial includes courtroom decorum. The trial court has the duty and the authority, in the exercise of sound discretion, to require persons attending court to dress in a manner appropriate to their functions and consistent with the publicity and dignity of the courtroom. Nothing in the record suggests that Johnson's uniform was inappropriate attire for the courtroom. The Commonwealth argued, and the trial court ruled, that the uniform supplied an inference of good character. Certainly, military service is an honorable function. However, we perceive no basis to hold that a military uniform affords an unrealistic suggestion of good character any more than do neat and clean attire and good grooming. It is inappropriate for a trial court to deny a courtroom participant the right to present himself in his best posture. Accordingly, we hold that the trial court abused its discretion in denying Johnson the right to wear his naval uniform to trial.

The Commonwealth contends that Johnson was not entitled to severance of the indictment charging his possession of a firearm. It argues that denying Johnson the right to wear his uniform was a valid consideration for the granting of his meritless severance motion. We disagree.

First, we observe that two wrongs do not make a right. An erroneous ruling in Johnson's favor does not justify an erroneous ruling against him. The trial court was required to consider and rule upon each motion, Johnson's and the Commonwealth's, separately according to its respective merits.

Moreover, the record by no means establishes that Johnson's severance motion was without merit.

■ Rule 3A:10(c) provides:

The court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto.

Johnson did not consent to a single trial, but the offenses met the requirements of Rule 3A:6(b). However, he argued that the proof required for the severed indictment would have prejudiced him unduly with respect to the other indictments and that justice required separate trials. We cannot say that the ruling sustaining that argument was erroneous.

However, our review of the record and of the evidence presented at trial leads us to conclude that Johnson had a fair trial on the merits of his case and that substantial justice was achieved. We find that had the error not occurred, the verdict would have been the same. Just as appearing in uniform would have worked Johnson no advantage, appearing in civilian dress worked him no disadvantage. *See Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). Therefore, we hold that the error was harmless.

The judgment of the trial court is affirmed.

*Affirmed.*

Elder, J., concurred.

Benton, J., concurring and dissenting.

The law is well established that a governmental entity may not deprive a citizen of a liberty interest by conditioning the receipt of a protected statutory right upon the relinquishment of the liberty interest. *See Connick v. Myers*, 461 U.S. 138, 143-44 (1983); *Elrod v. Burns*, 427 U.S. 347, 360-63 (1976). "[*United States v.*] *Jackson* [, 390 U.S. 570 (1968),] and [*North Carolina v.*] *Pearce* [, 395 U.S. 711 (1969),] are clear and subsequent cases have not dulled their force: if the only objective of a state practice is to discourage the assertion of constitutional rights it is 'patently unconstitutional.'" *Chaffin v. Stynchcombe*, 412 U.S. 17, 32 n.20 (1973).

The trial judge improperly forced Johnson to choose between asserting his right to sever the trials as protected by Rule 3A:10(b), and his right to wear at trial appropriate attire of his choice. Without giving a reason, the trial judge concluded that Johnson's motion was "connected" to the Commonwealth's motion to require Johnson to remove his military uniform. Thus, as a condition for granting Johnson's motion for separate trials pursuant

to Rule 3A:10(b), the trial judge required Johnson to remove his military uniform.

Before acting on Johnson's motion, the trial judge asked, "Are you going to change his clothes?" When Johnson's counsel responded affirmatively, the trial judge stated, "I'll rule on your motion as soon as he gets back." When Johnson removed his military uniform and returned to the courtroom for the trial, the trial judge granted the motion to sever the trials.

By drawing a connection between Johnson's motion and his dress, the trial judge also tacitly circumvented counsel's argument that Johnson "has a constitutional right to dress in that uniform." It is fundamental to our jurisprudence that a defendant "certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372 (1982). *See also Battle v. Commonwealth*, 12 Va. App. 624, 628-29, 406 S.E.2d 195, 197 (1991). The effect of the trial judge's ruling was to exact from Johnson an impermissible penalty for choosing to wear the military uniform.

I would hold that the trial judge violated Johnson's right to due process when he required Johnson to remove his military uniform before the trial commenced as a condition of granting Johnson's motion for severance of his trials pursuant to Rule 3A:10(b). Thus, I agree with the majority's conclusion that the trial judge erred in denying Johnson the right to wear his military uniform to trial.

I do not agree that the trial judge's conduct must go unsanctioned because of a view that it was harmless. Not every decision by a trial judge that results in a violation of a defendant's right to due process is subject to a harmless error analysis. *See Tumey v. Ohio*, 273 U.S. 510 (1927). "[T]here are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman v. California*, 386 U.S. 18, 23 (1967). Proof that the defendant's guilt was certain and that the defendant received the minimum punishment is not, in such cases, a reason to affirm the conviction. *Tumey*, 273 U.S. at 535. I believe that the deprivation of Johnson's liberty interest was a violation so egregious that a new trial is warranted.