COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Elder and Senior Judge Duff
Argued at Richmond, Virginia


DELROY WILSON

v.          Record No. 0069-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE LARRY G. ELDER
COMMONWEALTH OF VIRGINIA                       JUNE 6, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Robert B. Cromwell, Jr., Judge


            Michael A. Robusto (Slipow & Robusto, P.C., on
            brief), for appellant.

            Richard B. Smith, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Delroy Wilson (appellant) appeals his convictions for

(1) murder in violation of Code § 18.2-32, (2) attempted robbery

in violation of Code § 18.2-58, and (3) the use of a firearm

while committing or attempting to commit murder in violation of

Code § 18.2-53.1.  Appellant claims that the trial court erred in

refusing to admit into evidence a co-defendant's hearsay

statement.  While the trial court's refusal to admit the co-

defendant's statement was erroneous, the error was harmless.  We

therefore affirm appellant's convictions.

     Viewed in the light most favorable to the Commonwealth, the

record shows that appellant was riding in a car with three other

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

men and that all four were armed with firearms.  After they drove by a group of boys and discussed robbing them, appellant testified that he asked to be let out of the car because he did not want to participate in the robbery.  The driver turned around, the men jumped out, and the boys ran.  The men fired several shots at the boys, one of whom was killed.  Eyewitnesses testified that all four men had gotten out of the car, although appellant claimed that he stayed in the car and did not participate.  The evidence also established that the individual who stayed by the car fired a shot into the air.  When the police found the men in the car, all four ran, and appellant was found hiding under a parked car.

At a bench trial, appellant sought to introduce an unsigned, undated letter purportedly addressed to appellant and written by the driver of the car.  The driver had been called as a witness but asserted his fifth amendment privilege not to testify.  The letter contained the statement, "I'm sorry.  If I would've stopped the car you wouldn't be in here."  The trial judge refused to admit the letter into evidence.  The trial judge indicated that he found the statement irrelevant to the question of appellant's actual participation in the offense.

We hold that the trial court erred in refusing to admit the co-defendant's hearsay statement.  An exception to the hearsay rules exists where (1) the declarant is unavailable; (2) the hearsay statement was against the declarant's penal interest at

2

the time it was made; and (3) the declarant knew the statement was against his penal interest at the time it was made. Boney v. Commonwealth, 16 Va. App. 638, 643, 432 S.E.2d 7, 10 (1993). In addition, as with all evidence, the statement must be relevant. See Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986). In this case, the co-defendant was unavailable, as he had asserted his fifth amendment privilege to remain silent. The statement as a whole was against the co-defendant's penal interest, and the co-defendant knew this at the time he wrote the letter. See Chandler v. Commonwealth, 249 Va. 270, 278-79, 455 S.E.2d 219, 224-25 (1995). Finally, the evidence had a tendency to establish a fact that was properly at issue, namely appellant's request to not participate in the crimes. Wise v. Commonwealth, 6 Va. App. 178, 187-88, 367 S.E.2d 197, 202-03 (1988); Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987)("The admissibility of evidence is a matter of law to be determined by the trial judge.").

However, we hold that while the trial judge erroneously refused to admit the hearsay statement, this error was harmless. As this Court has stated, error is harmless:

> "when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. . . . An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991)(en banc). The trial judge opined that the statement, "If I would've stopped the car, you wouldn't be in here," did not indicate that appellant "did not participate because the car wasn't stopped. I base that on the other evidence." The other evidence of appellant's guilt included the fact that eyewitnesses saw four men outside of the car, that appellant possessed a firearm, and that appellant fled from the scene and attempted to elude the police after the crimes were committed.

In this case we have the benefit of knowing how the trier of fact--the trial judge--viewed the disputed evidence. The trial judge explained that the hearsay statement did not have any bearing on whether appellant actually participated in the crimes after he asked to be let out of the car. Based on the trial judge's statements, it is clear that even if the hearsay statement were admitted, the trial judge, as trier of fact, would have chosen to attach little, if any, significance to it in light of the other evidence, and the identical verdicts would have been reached. See Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911.

For the foregoing reasons, we affirm appellant's convictions.

Affirmed.

4