COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia

ARTHUR RAMBERT

v.    Record No. 0559-94-2                    MEMORANDUM OPINION[*]
                                        BY JUDGE MARVIN F. COLE
COMMONWEALTH OF VIRGINIA                    DECEMBER 5, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

        John B. Boatwright, III (L.A. Rosenstock, III;
        Boatwright & Linka, on briefs), for appellant.

        Margaret Ann B. Walker, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Arthur Rambert was tried before a jury and convicted of the

robbery and first degree murder of Delmar DePriest.  He was

sentenced to life imprisonment for the murder and 15 years for

the robbery.  On appeal, appellant contends that the trial court

committed reversible error by overruling appellant's objection

and denying his motion for a mistrial when the Commonwealth

elicited evidence of appellant's subsequent arrest on unrelated

charges.[1]  We find that any error caused by the court's rulings

was harmless.  Therefore, we affirm appellant's convictions.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]The issue on appeal was limited by order of this Court
entered on February 3, 1995.

There is no dispute in the material facts in the case. On February 25, 1993, appellant and four other men were preparing to drive to New York. John Henney, the driver, testifying for the prosecution, stated that Wilshawn Wright wanted to get marijuana and money that was owed to him before going on the trip. Appellant agreed to go with Wright, and Henney drove the two by the victims' apartment. When Henney and the other two men picked up Wright and appellant ten minutes later, Wright told them he had shot Sonnet Morrison in the back of the head twice. Appellant stated that he had shot Sonnet's roommate, Delmar DePriest, in the back of the head. When Wright and appellant returned to the car, Wright had a nine millimeter and appellant possessed a black automatic handgun. Appellant and Wright threatened to kill Henney and the other men if they "said anything."

On cross-examination by appellant's counsel, Henney testified that he had received no promises in return for his testimony. He admitted that he had been charged with two capital murders, one robbery, and three firearm offenses arising out of the incident, and was awaiting trial on them. Defense counsel also asked Henney if he had any other charges pending against him. He admitted to possession of a firearm while in possession of a controlled substance, conspiracy to sell heroin, possession with intent to sell heroin and possession of heroin. He stated

2

that these offenses occurred after the murder and had not been scheduled for trial.

Defense counsel on cross-examination also asked Henney whether he saw any guns after he arrived in New York. He responded that he had, and that Wilshawn Wright and Lamont had them. He stated that he did not possess a gun in New York. The following colloquy then occurred between defense counsel and Henney.

Q. The nine millimeter was taken out of your trunk?

A. The one in my trunk wasn't mine, sir.

Q. What happened to those guns? Did you see what happened to those guns, where they went after you saw them in the possession of the two gentlemen you talked about?

A. No.

On redirect examination, the Commonwealth's attorney asked Henney whether appellant was with him on April 30th when he was arrested on the drug and gun charges. Henney responded that he was. Defense counsel objected on the ground that whether appellant was arrested at the same time did not have anything to do with proving any of the elements of the charges against appellant. The Commonwealth's attorney argued that appellant brought out the fact that Henney was arrested on April 30th on drug and gun charges and that a nine millimeter gun was taken from the trunk of Henney's car. The Commonwealth, therefore,

3

claimed that the appellant had "opened the door" to this evidence.  The trial judge ruled that defense counsel had left the jury with the impression that Henney was arrested on the drug and gun charges and that a nine millimeter gun was found in the trunk of his car and that it did not belong to anybody else because no one else was in the car.  The trial court admitted the testimony limited to the one question that appellant was arrested with Henney to show that someone else was present who could have possessed the gun.[2]  Therefore, the court overruled appellant's objection and denied the motion for a mistrial.

## II.

"As a general rule, evidence of other crimes is inadmissible."  Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).  We assume, without deciding, that the prosecution's question was improper and that the trial court erred in admitting the other crimes evidence.  Nevertheless, we find the error was harmless.

> In Virginia, non-constitutional error is harmless "when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached."  Code § 8.01-678 (emphasis added).  "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict.  Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error

_____

[2]The evidence clearly established that this nine millimeter gun was not the one used as the murder weapon by Wright.

4

did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

The evidence of appellant's guilt was overwhelming and uncontradicted. Appellant accompanied Wright into the victims' apartment with the expressed intention to obtain drugs and money. Appellant and Wright turned up the TV, placed pillows on the victims' head and shot them from behind in the head. The other passengers in the car testified that appellant admitted he shot DePriest, "the roommate." Appellant made incriminating comments to Raheem Hayden in a note appellant passed to Hayden while they were both in the Dinwiddie County jail. While appellant and Eric Smith were in the City of Petersburg jail, appellant admitted to Smith that he committed the murder and robbery. Furthermore, the jury knew that appellant was involved with drugs because he went to their apartment to obtain drugs and money. The statement also involved a "prior arrest" and not a "prior crime." Nothing in the record suggests that appellant was convicted on the charges.

Upon review of the entire record before us, we conclude that the other crimes evidence "had little, if any, tendency to prejudice the jury against [appellant] because it was so inconsequential when viewed in comparison to the overwhelming evidence of [appellant's] guilt." Hanson v. Commonwealth, 14 Va.

5

App. 173, 176, 416 S.E.2d 14, 16 (1992).  Therefore, it "plainly appears . . . that the parties have had a fair trial on the merits and substantial justice has been reached."  Code § 8.01-678.  Accordingly, we find no reversible error by the admission of the other crimes evidence.

<u>Affirmed.</u>