COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


D. J. COOPER
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2777-96-3      JUDGE LARRY G. ELDER
                                       DECEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                    William W. Sweeney, Judge

          Evans B. Jessee for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     D. J. Cooper (appellant) appeals his conviction of

exceeding water quality for contaminants in a public water supply

in violation of Code § 32.1-27(A) and VR 355-18-004.06 (now 12

VAC 5-590-390).  He contends (1) that the trial court erred when

it denied his motion to dismiss the charge against him, (2) that

the evidence was insufficient to support his conviction, and

(3) that the trial court erred when it admitted evidence that he

violated the waterworks regulations after the time period for

which he was charged.  For the reasons that follow, we affirm.

                              I.

                       MOTION TO DISMISS

     Appellant contends that the trial court erred when it denied

his motion to dismiss.  He argues that Code § 32.1-28 required

_____
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Attorney General of Virginia to conduct the prosecution against him and that the trial court erroneously ruled that the prosecution by the Commonwealth's attorney did not render the criminal proceeding against him illegal and invalid.  We disagree.

"In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature."  Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346 (1997) (citing City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995)).  "That intention is initially found in the words of the statute itself, and if those words are clear and unambiguous, we do not rely on rules of statutory construction or parol evidence, unless a literal application would produce a meaningless or absurd result."  Id. (citations omitted).

We hold that the trial court did not err when it denied appellant's motion to dismiss.  The trial court correctly applied Code § 32.1-28 when it reasoned that this code section did not prohibit the Commonwealth's attorney from conducting the prosecution of appellant under Code § 32.1-27(A).

The clear and unambiguous language of Code § 32.1-28 indicates that the General Assembly did not intend the Attorney General to prosecute violations of Code § 32.1-27(A).[1]  The

_____

[1]Code § 32.1-27(A) states:

> Any person willfully violating or refusing, failing, or neglecting to comply with any

2

relevant part of Code § 32.1-28 states:

> The Attorney General <u>shall represent the [State Board of Health] or the [State Health Commissioner]</u> in all actions and proceedings for the enforcement of regulations or orders of the Board or Commissioner or the provisions of this title . . . .

(Emphasis added).  The statutory provisions regarding the "actions and proceedings" that may be brought by the State Board of Health (board) and the State Health Commissioner (commissioner) indicate that instituting criminal proceedings to prosecute violations of Code § 32.1-27(A) is not among them. First, the statutes establishing the powers of the board and commissioner do not expressly reference the authority of either to institute criminal proceedings.  <u>See</u> Code §§ 32.1-12, -13, -27, -169, -170, -172 to -174, -175 (stating the relevant powers of the board), <u>and</u> Code §§ 32.1-19, -20, -27 (stating the relevant powers of the commissioner).  In addition, the language in Code § 32.1-27, which sets forth the criminal penalties and civil remedies for violations of health-related statutes, regulations and orders, clearly indicates that the General Assembly did not intend either the board or the commissioner to handle prosecutions under Code § 32.1-27(A).  In all of the legal remedies established in Code § 32.1-27 <u>except for the criminal penalty</u>, the General Assembly used language empowering the board

---

> regulation or order of the Board or Commissioner or any provision of this title shall be guilty of a Class 1 misdemeanor unless a different penalty is specified.

3

or commissioner to act.  See Code § 32.1-27(B) and (C) (stating that a court may issue an injunction, mandamus, or civil penalty "in a proceeding instituted . . . by the Board or Commissioner to obey [health-related statutes, regulations, or orders]" (emphasis added)); Code § 32.1-27(D) (stating that "the Board may provide, in an order issued by the Board" for the payment of civil charges with the consent of the violating party (emphasis added)).  Code § 32.1-27(A), however, merely states that violating a health-related statute or regulation is a "Class 1 misdemeanor."  Unlike the other subsections in Code § 32.1-27, subsection (A) does not include any reference to either the board or commissioner instituting these prosecutions.

Based on our reading of the statutory provisions regarding the powers of the board and commissioner, we conclude that the General Assembly has not authorized either to prosecute criminal violations of Code § 32.1-27(A).  Because the board and commissioner are without this power, prosecutions under Code § 32.1-27(A) are not among the "actions and proceedings" that the Attorney General is required to undertake on behalf of the board and commissioner pursuant to Code § 32.1-28.  As such, the trial court did not err when it denied appellant's motion to dismiss.

4

## SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction.  We disagree.

When considering the sufficiency of the evidence on appeal to support a criminal conviction, this Court views the evidence in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its judgment for that of the trier of fact.  Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Instead, the jury's verdict will not be set aside unless it appears that it is plainly wrong or without supporting evidence.  Code § 8.01-680; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

In a prosecution under Code § 32.1-27(A), the Commonwealth is required to prove beyond a reasonable doubt that the defendant "willfully violat[ed] or refus[ed], fail[ed] or neglect[ed] to comply with any regulation or order of the Board or Commissioner or any provision of [Title 32.1 of the Code]."  Code § 32.1-27(A).  Under regulations promulgated by the board that were in effect at all times relevant to this case, appellant was required to provide water "from the source of supply to the customer's service connection" that did not contain more than .3 mg/L of iron and .05 mg/L of manganese.  See VR 355-18-004.03, -004.06 (now 12 VAC 5-590-360, -390).

We hold that the evidence was sufficient to support appellant's conviction.  The evidence in the record overwhelmingly supports the jury's conclusion that appellant failed to comply with the waterworks regulations regarding iron and manganese during the period of time from May 1989 through March 1992.  Chemical analysis of six samples of water taken from various locations in section two of the trailer park on five dates during this time period indicated that the water contained levels of iron and manganese that exceeded the amounts allowed by the waterworks regulations.  The following chart is a summary of the evidence regarding these tests:

| Collection Date | Collection Location | Collected By | Iron Content | Manganese Content |
|---|---|---|---|---|
| May 1, 1989 | Lot 81 | Appellant | 1.36 mg/L | .17 mg/L |
| June 26, 1991 | Lot 35 (kitchen tap) | Kay Glass (employee of the Department of Health) | 1.61 mg/L | .18 mg/L |
| December 11, 1991 | Well No. 5 | Kay Glass | 1.37 mg/L | .2 mg/L |
| December 11, 1991 | Well No. 4 | Kay Glass | .74 mg/L | .2 mg/L |
| January 28, 1992 | Lot 60 (kitchen sink) | Kay Glass | 1.3 mg/L | .19 mg/L |
| March 25, 1992 | Lot 60 (kitchen tap) | Kay Glass | 1.32 mg/L | .22 mg/L |

In addition, on July 21, 1989 and March 13, 1992, Michael E. Painter, who participates in the enforcement of the waterworks regulations by the Department of Health, sent letters to

6

appellant informing him that the levels of iron and manganese in the water he supplied to his tenants exceeded the maximum amount allowed by the waterworks regulations. This evidence established that appellant failed to comply with the waterworks regulations during the time period charged in the warrant.

Appellant argues that all of the samples taken from inside trailers were incompetent to establish violations of the waterworks regulations because they were taken from pipes that were outside appellant's area of responsibility. We disagree. Barry Thomas Dunkley testified that, in order to minimize the possibility that a sample of water taken from inside a trailer was contaminated with iron and manganese from in-trailer sources rather than from a source in the trailer park's waterworks, Health Department employees are trained to take "flush samples." He testified that "the plumbing really in this particular analysis doesn't make any difference because . . . we take flush samples . . . ." Dunkley testified that Kay Glass, the employee of the Department of Health who collected four of the five samples in question, told him that all of the samples she collected from lots 35 and 60 were flush samples. In addition, the sample tested in 1989 was submitted by appellant as a representative sample of the water he provided to tenants in section two of his trailer park. Thus, we conclude that all of the samples tested by the Department of Health were sufficiently reliable to support the jury's verdict.

7

III.

ADMISSIBILITY OF WATERWORKS VIOLATIONS THAT OCCURRED

AFTER THE TIME PERIOD CHARGED IN THE WARRANT

Assuming without deciding that the trial court erred when it admitted Painter's testimony that appellant was not in compliance with the waterworks regulations on the date of his trial, we hold that it was harmless.

A nonconstitutional error is harmless if "it plainly appears from the record that the error did not affect the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same." Id.

After reviewing the record, we conclude that the jury's verdicts of guilt and punishment would have been the same even if the evidence of appellant's 1996 violation had not been admitted. Although not contemporaneous with Painter's erroneously admitted testimony, the jury was instructed at the conclusion of the evidence to disregard "evidence of anything [appellant] may have done or not done after . . . April 18, 1992" when considering its verdict. In addition, as previously discussed, the evidence of appellant's guilt was overwhelming. Finally, we conclude that the jury's determination of punishment was unaffected by the erroneously admitted evidence. Violation of Code § 32.1-27(A) is a Class 1 misdemeanor, which is punishable by "confinement in

8

jail for not more than twelve months and a fine of not more than $2,500, either or both."  Code § 18.2-11(a).  The jury fined appellant $2,500 and did not sentence him to any time in jail. In light of the evidence regarding appellant's multi-year noncompliance with the waterworks regulations, we cannot say that appellant's punishment would have been less had Painter's testimony regarding the 1996 violation been excluded from evidence.

For the foregoing reasons, we affirm the conviction of exceeding water quality for contaminants in a public water supply in violation of Code § 32.1-27(A) and VR 355-18-004.06.

<u>Affirmed</u>.