COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued by teleconference


ERNIE C. WILLIAMS, JR.

MEMORANDUM OPINION[*] BY
v.          Record No. 2704-96-3          JUDGE SAM W. COLEMAN III
                                          JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                       Charles H. Smith, Jr., Judge

            Gray Robinson (Jackson & Robinson, on
            briefs), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Richard Cullen, Attorney General; Monica S.
            McElyea, Assistant Attorney General, on
            brief), for appellee.


     Ernie Williams, who had been declared an habitual offender,
was driving his pickup truck in Washington County when he veered
off the road, causing the accidental death of Jeremy Harless, a
passenger in the truck.  Williams was charged with driving after
having been adjudged an habitual offender (second offense) and
second degree felony murder.  At trial, the judge granted
Williams' motion to strike the evidence on the second degree
felony murder charge, and a jury convicted Williams of driving
after having been declared an habitual offender.

     On appeal, Williams contends the trial judge erred by
admitting evidence that he was reaching for a beer when the
accident occurred and that he had consumed four beers on the day

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of the accident.  We hold that the trial judge did not abuse his discretion by admitting evidence that when the accident occurred Williams was reaching for a beer.  Further, assuming, without deciding, that the judge erred by admitting evidence that Williams had consumed four beers earlier during the day of the accident, we hold that on the facts of this case any such error was harmless.  Accordingly, we affirm the conviction for driving after having been declared an habitual offender.

Williams was driving his pickup truck down a narrow, country road with Gerald and Jeremy Harless as passengers.  Gerald rode in the cabin next to Williams, and Jeremy sat in a chair in the truck's open bed.  As Williams reached for an open beer, the truck veered off the road and struck a column of concrete steps protruding from the ground near the roadside.  The collision threw Jeremy from the truck, and he later died of the severe injuries that he suffered in the fall.  The investigating officer testified that he could not detect that Williams' physical condition was impaired.

Williams contends the trial judge erred by admitting the evidence that he drank four beers earlier during the day and that he was reaching for a beer when the accident occurred.  He argues that such evidence was irrelevant to prove the charged offenses of whether he was driving after having been declared an habitual offender and of whether Jeremy Harless was killed as a result of his driving after having been declared an habitual offender.

The evidence that Williams was reaching for a beer when the accident occurred was admissible as part of the res gestae of the offenses for which he was tried. "Facts which constitute the res gestae must be such, as are so connected with the very transaction or fact under investigation as to constitute a part of it." Jones v. Commonwealth, 11 Va. App. 75, 83, 396 S.E.2d 844, 848 (1990). Limited reference to such evidence is admissible where it is "so inseparably connected with [the offense] as to make the avoidance of all reference to it practically impossible." Compton v. Commonwealth, 190 Va. 48, 55, 55 S.E.2d 446, 450 (1949). Here, the fact that Williams was reaching for a beer moments before the accident explained how the accident occurred; that fact was "inseparably connected" to the accident. Because the evidence was an integral part in explaining the accident, Williams was not entitled to sanitize the facts underlying the incident. Accordingly, the trial court did not abuse its discretion in admitting evidence that Williams reached for a beer while driving the truck. See McWilliams v. Commonwealth, 177 Va. 933, 941, 15 S.E.2d 70, 73 (1941) ("Whether or not a [fact] is a part of the res gestae rests within the sound judicial discretion and judgment of the trial court.").

As to Williams' contention that the trial court erred by admitting evidence that was irrelevant, which was that Williams had drunk four beers earlier on the day of the accident, we hold that on the facts of this case, any such error was clearly

- 3 -

harmless as to the conviction for driving after having been declared an habitual offender. Appellate review of nonconstitutional error required that:

> the conviction must be reversed unless it <u>plainly appears</u> from the record and the evidence given at the trial that the error did not affect the verdict. An error does not affect the verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

<u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (<u>en</u> <u>banc</u>) (emphasis added). Unless it plainly appears that the inadmissible evidence did not affect either the finding of guilt or the sentence, the verdict must be set aside.

Here, we are only concerned with whether the evidence had a prejudicial effect upon Williams' conviction or sentence for driving after having been declared an habitual offender since the trial judge struck the murder charge. The evidence was overwhelming that Williams was driving his truck at the time of the accident and that he did so after having been declared an habitual offender. Gerald Harless testified that Williams was driving the truck. Furthermore, Williams admitted to the investigating state trooper and to the witness Jewell Musick that he was the driver. Also, Williams admitted to the trooper that he was an habitual offender and the documentary evidence proved that. Based upon this evidence, it clearly appears to us that the jury would have reached the same verdict that Williams was

guilty of driving after having been declared an habitual offender had the evidence not been admitted that he consumed four beers earlier in the day.  Thus, we find that the error, if any, in admitting the evidence did not affect and was harmless as to the issue of guilt.

Evaluating the effect that such inadmissible evidence may have had upon the jury's determination of punishment is more problematic.  In doing so, we cannot substitute our judgment for that of the jury or usurp their function of weighing the evidence; we must be able to say with conviction that on these facts a jury would not have reached a different result had the offending evidence been excluded.  Although the jury in this case recommended the maximum sentence, in view of Williams' extensive prior criminal record and upon the facts of this case, we do not believe that another jury would have recommended another sentence had the fact that Williams drank four beers been excluded.  The evidence proved that Williams had three prior convictions for driving on a revoked or suspended license, that he had five prior convictions of driving under the influence, and two prior convictions for driving after having been declared an habitual offender.  On the occasion which gave rise to this case that Williams drove while having been declared an habitual offender and ordered to not drive, he crashed and killed Jeremy Harless. The range of punishment that a jury could have recommended was a mandatory sentence of not less than one year or more than five

years in the penitentiary.  On these facts we do not believe that had the evidence been excluded that Williams had earlier consumed four beers the jury would have imposed less than the maximum penalty.  Accordingly, any error in admitting this evidence was harmless as to the issue of punishment.

For these reasons, we affirm the conviction.

Affirmed.