COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


JESOVHA OCTAVIOUS SEABORN, S/K/A
 JESOVOHA OCTAVIUS SEABORN
                                MEMORANDUM OPINION[**] BY
v.        Record No. 2504-97-1  JUDGE RICHARD S. BRAY
                                  FEBRUARY 2, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     John E. Clarkson, Judge

           I. Lionel Hancock, III (Bohannon, Bohannon &
           Hancock, P.C., on brief), for appellant.

           Richard B. Smith, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     A jury convicted Jesovha Seaborn (defendant) of first-degree

murder and a related firearm offense.  On appeal, he complains

that the trial court erroneously ruled a defense witness

incompetent to testify.  Finding no error, we affirm the

convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

     [**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Defendant's first trial on the subject indictments ended in a mistrial when the jury was unable to reach a verdict. The instant prosecution was commenced several months later and resulted in the disputed convictions. During both proceedings, defendant offered the testimony of Christopher Sherrod (witness), a child allegedly nearby at the time of the offenses. At the earlier prosecution, the trial court declared the witness incompetent following a voir dire which included a proffer of his testimony. A transcript of these proceedings was made a part of the voir dire at the instant trial, together with a second proffer of the witness' testimony, and resulted in a similar ruling. Defendant appeals, arguing only that the court erroneously declared the child an incompetent witness.

During voir dire at the first trial in March, 1997, the witness answered "nine" when asked his age, but later provided a birthdate of January 31, 1986. He testified that he was eight at the time of the offenses, December 15, 1995, but then admitted uncertainty. The child was unable to name his teacher from the immediately preceding school year or particulars of an earlier meeting with defendant's counsel. Questioned, "What is a lie?," he initially answered, "a lie," and, upon further inquiry, stated, "I don't know." He acknowledged that he did not "understand the word truth."

When queried relative to the subject offenses, the child recalled seeing "a gun" in the victim's "pocket" and hearing

"three shots" shortly thereafter but told "nobody" of the incident. He testified that he "couldn't see" the color of the weapon, but remembered previously recounting that he "saw a black object," described as "metal." Asked if his testimony "about seeing [the victim] with a gun and . . . hear[ing] shots" was true, the child answered, "No. I mean yeah."

At the second trial, the witness recalled that the victim had a "beeper," not a gun, in his pocket, although he "didn't recognize it [as] a beeper." Asked repeatedly if he remembered previous statements "that [he] saw a gun in [the] pocket," the child persistently answered in the negative.

"In Virginia, a child need not have reached a certain age in order to be competent as a witness." Durant v. Commonwealth, 7 Va. App. 454, 462, 375 S.E.2d 396, 400 (1988). Rather, "[a] child is competent to testify if [he] possesses the capacity to observe events, to recollect and communicate them, and has the ability to understand questions and to frame and make intelligent answers, with a consciousness of the duty to speak the truth." Cross v. Commonwealth, 195 Va. 62, 64, 77 S.E.2d 447, 449 (1953) (citations omitted); Durant, 7 Va. App. at 462, 375 S.E.2d at 400. "Because of the trial court's opportunity to see the child and to observe his or her demeanor on the stand and manner of testifying, the determination of competency is left largely to the discretion of the trial court," and the decision will not be disturbed "in the absence of manifest error." Durant, 7 Va. App.

at 462, 375 S.E.2d at 400 (citing <u>Carpenter v. Commonwealth</u>, 186 Va. 851, 864, 44 S.E.2d 419, 425 (1947)); <u>see</u> <u>Cross</u>, 195 Va. at 64, 77 S.E.2d at 449.

Applying these principles to the instant circumstances, we find no reversible error in the disputed ruling of the trial court. The child witness was unable to respond appropriately to <u>voir</u> <u>dire</u> questioning on two occasions, experienced continuing difficulty in recalling past events with consistency and reliability, and did not understand the concept of truth generally or in relation to his testimony. Moreover, his most recent recollection of the offenses, reflected in the proffer of his testimony at the subject trial, established that the victim was unarmed, a circumstance contrary to defendant's theory of the case. Thus, any error in precluding the evidence manifestly "did not affect [the] verdict" or impair a "fair trial" and was, therefore, harmless. <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (<u>en</u> <u>banc</u>); <u>see</u> Code § 8.01–678.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>