COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Petty and Senior Judge Annunziata
Argued by teleconference


HENH CHU NGO

v.       Record No. 1671-06-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
JUNE 17, 2008


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Jonathan Shapiro (Peter D. Greenspun; Greenspun, Shapiro,
Davis and Leary, P.C., on briefs), for appellant.

Joshua M. Didlake, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Henh Chu Ngo appeals his convictions for first-degree murder and use of a firearm in the

commission of a felony.  He argues the trial court erred in admitting into evidence out-of-court

statements made by Phuc Nguyen ("Phuc") and Hoan Minh Le ("Le") to Officer Cooper and to

Detective Allen.  The Commonwealth concedes error, but argues the error was harmless.  We

agree with the Commonwealth and affirm.

BACKGROUND

Phuc, Le, and the murder victim, Ngoc Quy Doan Nguyen ("Quy"), left a pool hall and

were approached by two men who asked them if they were members of a certain gang.  Phuc

denied any such membership.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Phuc, Le, and Quy got into Quy's car and were about to drive away when Quy returned to the pool hall to retrieve an item. While Quy was inside the pool hall, a man approached the car and asked Phuc to lower the window. Phuc refused because he saw that the man's right hand was under his jacket. The man walked to the front of the car and, as Quy returned to the car, the man again asked Quy about his membership in the gang. Phuc was unable to hear Quy's response, but immediately hearing gunshots, Phuc ducked inside the car. The shooter then fired twice into the car's windshield.

The police arrived at the scene within minutes of the shooting where Le told Detective Ellis that appellant was the shooter. Phuc also identified appellant as the shooter when he spoke with Officer Cooper at the police station.

Phuc testified and identified appellant as the shooter. Over appellant's objection, Officer Cooper testified that Phuc provided little information at the scene, but at the police station Phuc told him appellant was the shooter. Le testified that as Quy walked to the car, appellant approached Quy and appellant shot him. Detective Ellis testified, without objection, that he spoke to Phuc at the scene and Phuc identified appellant as the shooter.[1] Detective Allen testified that he prepared a photo lineup and that Phuc and Le separately identified appellant as the shooter. Over appellant's objection, Detective Allen testified Le told him that appellant shot Quy.

---

[1] At oral argument, appellant conceded he failed to object to Detective Ellis' testimony, but contended it would have been futile given the court's earlier ruling. However, the futility of presenting an objection cannot alone constitute cause for a failure to object at trial. See Snurkowski v. Commonwealth, 2 Va. App. 532, 536, 348 S.E.2d 1, 3 (1986) (discussing the good cause exception to Rule 5A:18).

ANALYSIS

The Commonwealth concedes the trial court erred in admitting the hearsay testimony by Officer Cooper and Detective Allen. Therefore, the issue before the Court is whether the error was harmless.

In Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678.

> "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) *(en banc).*

In other words:

> An error is harmless (1) if "other evidence of guilt is 'so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict,'" or, "even if the evidence of the defendant's guilt is not overwhelming, [(2)] if the evidence admitted in error was merely cumulative of other, undisputed evidence."

McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448-49 (2000) (quoting

Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 444-45 (1993)).

> In making this decision with respect to non-constitutional error, the level of confidence used by a reviewing court is not "beyond a reasonable doubt." It is, instead, whether "it plainly appears from the record and the evidence given at trial," a more absolute measure and one more suitable for application to questions of law.

Lavinder, 12 Va. App. at 1006, 407 S.E.2d at 911. "The effect of an error on a verdict varies widely 'depending upon the circumstances of the case.' Each case must, therefore, be analyzed

individually to determine if an error has affected the verdict." Id. at 1009, 407 S.E.2d at 913 (citation omitted).

Since no forensic evidence linked appellant to the murder and Phuc and Le, the only eyewitnesses to identify appellant as the shooter, were friends of Quy and members of a rival gang,[2] it cannot be said that the evidence of guilt was overwhelming. Thus, in order for us to conclude the error was harmless, the evidence admitted in error must be found to be merely cumulative of other, undisputed evidence. Here, Phuc and Le testified without objection that appellant was the shooter in this case. Detective Allen's testimony that they identified appellant as the shooter in a photo lineup was also admitted without objection, as was Detective Ellis's testimony that Le told him appellant was the shooter. It follows that the detectives' challenged hearsay statements that Phuc and Le identified appellant as the shooter were merely cumulative of other undisputed evidence.[3]

Thus, any error in the admission of the evidence was harmless. Accordingly, appellant's convictions for first-degree murder and use of a firearm in the commission of a felony are affirmed.

Affirmed.

---

[2] The Commonwealth stipulated that Phuc, Le, and Quy were members of a street gang and argued that the killing was motivated by gang rivalries and in retaliation for an earlier attack on appellant.

[3] Appellant argues that the admission of the hearsay statements was not harmless because the jury deliberated for more than five hours and recommended a minimal sentence of twenty-three years for the first-degree murder conviction, despite the identification testimony by Phuc and Le. This argument is without merit. Where credible evidence supports the jury's verdict an appellate court will not speculate on the jury's reasoning. See Harris v. Commonwealth, 19 Va. App. 518, 522, 452 S.E.2d 292, 295 (1995).