JUSTICE KOONTZ
delivered the opinion of the Court.
Pursuant to a jury trial held in the Circuit Court of Montgomery County in 1996, Benjamin Lee Lilly (Lilly) was convicted and sentenced to death for the willful, deliberate, and premeditated killing of Alexander V. DeFilippis in the commission of robbery in violation of Code § 18.2-31(4). In Lilly v. Commonwealth, 255 Va. 558, 499 S.E.2d 522 (1998), we affirmed the trial court’s judgment and the death sentence.* Thereafter, Lilly successfully petitioned the Supreme Court of the United States for a writ of certiorari. The *551 Supreme Court reversed a portion of our judgment, holding that the admission into evidence at Lilly’s trial of two confessions made by Lilly’s brother Mark Lilly (Mark), who refused to testify, violated Lilly’s Sixth Amendment right to be confronted with the witnesses against him. Lilly v. Virginia, 527 U.S. 116 (1999). The Supreme Court remanded the case with directions to this Court to determine whether this error was harmless beyond a reasonable doubt. Having now considered the briefs and oral argument of Lilly and the Commonwealth and again reviewing the trial record, we address the issue of harmless error in this case.
The standard that guides our analysis of the harmless error issue in this case is clear. Thus, “before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt;” otherwise the conviction under review must be set aside. Chapman v. California, 386 U.S. 18, 24 (1967). This standard requires a determination of “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.” Id. at 23. In making that determination, the reviewing court is to consider a host of factors, including the importance of the tainted evidence in the prosecution’s case, whether that evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on material points, and the overall strength of the prosecution’s case. Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986); see also Harrington v. California, 395 U.S. 250, 254 (1969); Schneble v. Florida, 405 U.S. 427, 432 (1972) (erroneously admitted evidence harmless where it was merely cumulative of other overwhelming evidence of guilt).
We have recited the evidence in the record in our prior decision and we need not repeat it here. Rather, we will focus on the facts that are pertinent to our resolution of the present issue. In that regard, we initially note that in order to convict Lilly of capital murder and to subject him to a death sentence for the murder of DeFilippis, the Commonwealth had the burden to prove beyond a reasonable doubt that Lilly was the actual perpetrator of the crime or the “triggerman” in the murder. Graham v. Commonwealth, 250 Va. 487, 492, 464 S.E.2d 128, 130, cert, denied, 516 U.S. 997 (1995); Johnson v. Commonwealth, 220 Va. 146, 155-56, 255 S.E.2d 525, 530 (1979), cert, denied, 454 U.S. 920 (1981).
*552 Contrary to the Commonwealth’s assertions, the evidence of Lilly’s guilt as the actual perpetrator, or the triggerman, in the murder of DeFilippis was not “simply overwhelming.” There was no physical evidence such as fingerprints on the murder weapon or human blood evidence to link Lilly to the killing. Indeed, the murder weapon was not found in the possession of Lilly after the murder and there was evidence that prior to the murder the weapon was at various times in the possession of Lilly, his brother Mark, and the other co-defendant, Gary Wayne Barker. In addition, Lilly’s remark to Police Chief Whitsett after Lilly was detained to the effect that Lilly “looked like a murderer” in no way amounts to an actual confession to capital murder as contended by the Commonwealth. That remark, even viewed in the light most favorable to the Commonwealth, does no more than implicate Lilly as a participant in the murder of DeFilippis and, thus, is indicative of his guilt of first degree murder only. See Harrison v. Commonwealth, 220 Va. 188, 191, 257 S.E.2d 777, 779 (1979). It does not establish that he was the triggerman.
There is no dispute that following the abduction of DeFilippis, there came a time when only Lilly, Mark, Barker, and DeFilippis were at the murder scene. It is self-evident that the account of what happened there was crucial to the determination by the jury of which of the co-defendants inflicted the fatal gunshot wounds upon DeFilippis. Lilly did not confess and did not testify. Accordingly, as the Commonwealth concedes on brief, “Barker’s eyewitness testimony unquestionably was the centerpiece of, or ... the ‘key to’ the Commonwealth’s case.” Barker testified that Lilly fatally shot DeFilippis three times in the head. Mark’s statements also identified Lilly as the triggerman.
The Commonwealth asserts that this Court should be confident that the admission of Mark’s statements was harmless beyond a reasonable doubt. In support of that assertion it argues that Barker’s testimony was corroborated by other evidence, independent of Mark’s statements, on every material point. We disagree. While it is true that much of Barker’s testimony was corroborated by other evidence, that evidence related to the various criminal acts committed by Lilly, Mark, and Barker leading up to and surrounding the murder of DeFilippis. The fallacy of the Commonwealth’s argument is that this other evidence upon which it relies did not relate to or corroborate Barker’s testimony on the critical issue whether Lilly, as opposed to Mark or Barker, was the triggerman in the murder. Only Mark’s statements implicating Lilly as the triggerman corroborated *553 Barker’s testimony on that issue. Thus, on that critical issue, the Commonwealth’s evidence was not overwhelming.
Clearly, where the principal direct evidence against the accused is the testimony of an accomplice, the credibility of that witness will be a significant factor in the jury’s determination of the accused’s level of culpability. We have consistently held that this credibility determination rests with the jury and is not subject to challenge on appeal merely because the testimony is self-serving, results from a favorable plea arrangement, or because the witness is himself a felon. See Joseph v. Commonwealth, 249 Va. 78, 86, 452 S.E.2d 862, 867-68, cert, denied, 516 U.S. 876 (1995). However, here the issue is not the credibility of the witness, but rather the potential for harm caused by the erroneous admission of evidence which tends to support the jury’s credibility determination. In that context we must presume that such evidence had the potential to influence the jury into accepting the properly admitted evidence as more credible and, thus, to taint the jury’s determination of the facts.
This is precisely the circumstance with which we are faced in considering the harm of the erroneous admission of Mark’s statements implicating Lilly as the triggerman. In the absence of these statements, Barker’s testimony that Lilly was the triggerman was supported only by the evidence that Lilly was present and had the opportunity to shoot DeFilippis. It is therefore inconceivable that the jury would not have weighed Barker’s credibility in light of the concurring evidence of Mark’s statements. Moreover, those statements, coming as they did, from Lilly’s brother undoubtedly carried weight with the jury. Thus, there is a reasonable possibility that those statements contributed to Lilly’s conviction for capital murder. Accordingly, we cannot say that the error in admitting Mark’s statements was harmless beyond a reasonable doubt.
For these reasons, we will affirm Lilly’s conviction for the carjacking, robbery, abduction, and the four related firearm charges, reverse Lilly’s conviction for capital murder and the related firearm charge, and remand the case for a new trial consistent with the views expressed herein and in the opinion of the United States Supreme Court, if the Commonwealth be so advised.
Record No. 972385 — Reversed and remanded.
Record No. 972386 — Affirmed in part, reversed in part, and remanded.

 We also affirmed Lilly’s conviction for the abduction and robbery of DeFilippis, Code §§ 18.2-47 and 18.2-58, the carjacking of DeFilippis’ vehicle, Code § 18.2-58.1, the use of a firearm in the principal offenses and the possession of a firearm after having previously been convicted of a felony, Code §§ 18.2-53.1 and 18.2-308.2(A)(i). On brief and during oral argument, Lilly’s counsel conceded that the untainted evidence was sufficient to sustain Lilly’s convictions for these offenses. Indeed, Lilly stresses on brief that “[t]he sole issue on this remand is whether the unconstitutional admission of Mark Lilly’s statements was harmless beyond a reasonable doubt on the question of whether Ben Lilly . . . was the triggerman.” Accordingly, our prior decision affirming these convictions and the sentences imposed thereon *551 remains undisturbed with the exception of the firearm charge related to the capital murder offense.