COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


EDMUND STEVEN HARDMAN

MEMORANDUM OPINION* BY
v.   Record No. 1878-99-3    JUDGE RUDOLPH BUMGARDNER, III
MAY 16, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

David E. Wright, Assistant Public Defender,
for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


After a bench trial, the trial court convicted Edmund

Steven Hardman of possession with intent to distribute cocaine,

possession with intent to distribute marijuana, and possession

of a firearm while possessing a controlled substance in

violation of Code §§ 18.2-248, -248.1, and -308.4. The

defendant contends the trial court erred in admitting statements

he made to a police officer who had not informed him of his

rights under Miranda v. Arizona, 384 U.S. 436 (1966). Assuming

the trial court erred, we find the error harmless beyond a

reasonable doubt.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The evidence viewed in the light most favorable to the Commonwealth established that Officer H.W. Duff went to the defendant's apartment at 12:38 a.m. to investigate a traffic accident. Two plainclothes officers accompanied Duff. The defendant answered the door and let the officers enter when they acknowledged that they were inquiring "about the car." The defendant's girlfriend, Christy Stevens, and one other person were present when the officers entered.

Upon entering the living room, Duff noticed a partially smoked marijuana blunt. The defendant admitted he had smoked it earlier that day, but when Duff asked to search the apartment, the defendant refused to give consent. Duff went to get a search warrant, leaving the other officers at the apartment. They asked the occupants to remain in the living room because they were under investigation. The officers did not draw weapons or handcuff the occupants. When Duff returned around 2:45 a.m. with the search warrant, three or four uniformed officers had already arrived to assist.

As the officers began the search, the defendant said he needed to use the bathroom. Duff insisted on accompanying him and remained within four feet of the defendant. While still in the bathroom, Duff asked the defendant if he had anything in the apartment he wanted to tell the officer about. The defendant replied, "[H]e had a .380 caliber semi-automatic pistol in the bedroom for his protection." Duff asked the defendant if he had

-

any marijuana or cocaine, and the defendant replied that he had about a half ounce of marijuana in the bedroom.  The defendant admitted that he sold marijuana but denied selling cocaine.

Assuming the trial court erred, we consider whether the error was harmless.  In order for an error to be harmless, "'the court must be able to declare a belief that the error was harmless beyond a reasonable doubt.'"  Dearing v. Commonwealth, 259 Va. 117, 123, 524 S.E.2d 121, 124 (2000) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)).  "'[A]n otherwise valid conviction should not be set aside if the reviewing court can confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.'"  Id. at 123, 524 S.E.2d at 125 (citations omitted).  In determining whether the error was harmless, the court must consider several factors, including "the importance of the tainted evidence in the prosecution's case, whether the evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on material points, and, of course, the overall strength of the prosecution's case."  Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999) (citations omitted).

Applying these principles, we find the error in admitting the defendant's statements was harmless beyond a reasonable doubt.  The defendant consented to the officers entering his apartment and admitted he smoked marijuana earlier that day.

-

Duff obtained a warrant to search the apartment for contraband. When Duff questioned the defendant, officers were lawfully executing the warrant. The defendant's statements pointed to evidence the officers would discover during the search and added little to a very strong case.

The apartment contained two bedrooms, but only one was used. In that bedroom, the officers found statements from a joint bank account that the defendant shared with Stevens. Under the bed, they recovered a .38 caliber semi-automatic handgun, and on the closet floor, they found the bullets. The officers also found marijuana under the mattress. The officers pried open two safes found in the bedroom when the defendant refused to furnish keys. One safe contained marijuana and $522. Two wooden boxes contained bags of cocaine and $874. In the kitchen, the officers found digital scales, razor blades and knives with cocaine residue, and plastic bags. In the living room, they found a police scanner. The defendant had $590 in his sock. In total, the officers recovered 70 grams of marijuana, 28.4 grams of cocaine, and $1,986 cash.

Christy Stevens testified that she lived in the apartment with the defendant but neither the drugs nor the scales belonged to her. The gun did not belong to her though she had seen it before. She did not have a key to the defendant's safe nor was she aware of its contents. Stevens stated that the defendant used the wooden boxes, but she had never looked into them.

-

The police properly acquired all the physical evidence by execution of a valid search warrant and independently of any tainted evidence.  Along with Christy Stevens' testimony, it conclusively established the defendant's guilt beyond a reasonable doubt.  Indeed, the trial court found that the evidence without the defendant's statements still proved the offenses beyond a reasonable doubt.  The trial court stated:

> I think the circumstantial evidence is overwhelming.  Even without [the defendant's] statement to Officer Duff, [the defendant] is tied to that bedroom through the papers found there.  The quantity of cocaine is in excess of $3,000 of street value.  And not just the quantity of cocaine and marijuana alone, you've got the scales and all of the other paraphernalia or accoutrements of the drug trade in the house, and I think the evidence is overwhelming.

Any error in admitting the defendant's statements was harmless beyond a reasonable doubt.  Accordingly, we affirm the convictions.

Affirmed.

-