COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


COREY LASHAWN WATKINS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0584-00-3    JUDGE RUDOLPH BUMGARDNER, III
                                       FEBRUARY 6, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

            S. Jane Chittom, Appellate Defender (Elwood
            Earl Sanders, Jr.; Public Defender
            Commission, on brief), for appellant.

            Susan M. Harris, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


    Corey Lashawn Watkins was convicted of possession of

cocaine, impeding a police officer, and two firearms violations:

(1) possession of a firearm while in possession of cocaine, and

(2) carrying a concealed weapon.  The defendant pled guilty to

possessing cocaine and impeding a police officer, but he appeals

his firearms convictions.  Finding no error, we affirm.

    Late one night, Danville Police Officer D.W. Arrington was

on patrol in a neighborhood known for drug activity.  Arrington

saw what appeared to be a drug sale by the defendant.  He

approached the defendant and obtained his identification card.

─────────────
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As he talked with the defendant, Arrington glimpsed a plastic bag in the defendant's mouth. The defendant first denied having anything in his mouth, then he grabbed his identification from the officer and fled. Arrington called for assistance and pursued.

Officer Robertson responded to the call for backup, spotted the defendant, and finally overtook him in a cemetery where he had to tackle the defendant to stop him. As they struggled on the ground, the defendant jerked his right hand in a manner that made Robertson believe he had a weapon. Robertson hit the defendant twice, who then blurted out, "Don't hit me. I threw the gun down."

Arrington arrived shortly thereafter and, while handcuffing the defendant, asked, "Why did you run?" The defendant replied, "I didn't want you to find the gun." The defendant contends the statement made to Arrington violated Miranda v. Arizona, 384 U.S. 436 (1966), and the trial court erred in admitting it and the weapon the officers found when they retraced the defendant's path. They found the weapon near the place Officer Robertson first encountered the defendant.

If the statement, "I didn't want you to find the gun," was obtained in violation of Miranda, its admission was harmless. A Miranda violation is subject to harmless error analysis. Pearson v. Commonwealth, 221 Va. 936, 945, 275 S.E.2d 893, 899 (1981). In determining whether erroneously admitted evidence is

-

harmless, "the reviewing court is to consider a host of factors, including the importance of the tainted evidence . . ., whether that evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on material points, and the overall strength of the prosecution's case." Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999) (citations omitted).

The defendant's first statement to Robertson, "I threw the gun down," conveyed every bit of incriminating information contained in the second statement. The statement, "I didn't want you to find the gun," was cumulative. It provided no additional proof that the defendant possessed a gun and no additional information to help the officers locate it. The first statement, the evidence surrounding the event, and the permissible inferences that arise provide proof beyond a reasonable doubt. Any error in admitting the defendant's second statement to Arrington was harmless beyond a reasonable doubt.

In his second assignment of error the defendant contends the trial court erred in denying his motion to strike the evidence of possession of a firearm. He argues the statements he made were the only evidence that he possessed a firearm. With those statements admitted, the defendant's admissions prove possession. Accordingly, we affirm the convictions.

Affirmed.

-