*333 JUSTICE KOONTZ,
dissenting.
I respectfully dissent. This is not a complicated case; the pertinent historical facts are not disputed and the legal principles applicable to the resolution of the issue presented are well established. Torie Devon Redmond was arrested for the murder of Gattis Bowling, Jr., and subsequently interrogated regarding that crime by Detective Christopher C. Molleen while held in custody at the City of Virginia Beach Police Department. Detective Molleen advised Redmond of his Miranda rights, and several minutes later Redmond stated “Can I speak to my lawyer?” However, Detective Molleen continued to interrogate Redmond in the absence of a lawyer until Redmond ultimately confessed to stabbing Bowling with a serrated butcher knife. The issue presented is simply whether a reasonable police officer in these circumstances would have understood Redmond’s statement to be a request for an attorney. If so, then Detective Molleen was required to cease the interrogation until a lawyer was provided to Redmond as mandated by the Supreme Court’s decisions in Miranda v. Arizona, 384 U.S. 436, 469-73 (1966), Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), and Davis v. United States, 512 U.S. 452, 458 (1994).
It is difficult to find ambiguity in the statement “Can I speak to my lawyer?” Objectively, such a statement would be readily understood and commonly accepted as a request for counsel. However, a plurality of the Court, in an opinion authored by JUSTICE HAS-SELL, rejects this clear and unambiguous assertion of the constitutional right to counsel by relying, in large part, upon its subjective interpretation of Redmond’s “tone of [ ] voice, his voice inflections, and his demeanor” after reviewing the videotape of Redmond’s confession. These unparticularized mannerisms are at best peculiar to Redmond. Moreover, they shed little light, if any, upon the objective inquiry of what a reasonable police officer would have understood from what Redmond actually stated.
Finally, the plurality concludes that Redmond’s statement and the additional statement “I can’t even talk to [my] lawyer before I make any kinds of comments or anything?” may be construed as “a desire on his part to obtain more information about his Miranda rights.”* *334 In my view, the additional statement emphasizes Redmond’s desire to have the benefit of counsel before the interrogation continued. More importantly, when considered in context there can be no doubt that a reasonable police officer would have understood that Redmond was requesting counsel rather than merely a further explanation of his Miranda rights. Redmond had indicated that he understood his right to have a lawyer present during the interrogation and that he could exercise that right at any time and not answer any questions or make any statements. Redmond’s statements were entirely consistent with Redmond’s understanding of his right to do so. It requires an almost total disregard for human experience to conclude that in such circumstances a reasonable police officer would not have understood that Redmond was requesting counsel, even if Detective Molleen subjectively did not understand Redmond’s statements to be such a request.
Because Redmond was denied his constitutional right to counsel, his subsequent confession was constitutionally infirm and inadmissible in evidence at his trial. The Commonwealth contends that even if the trial court erred in admitting Redmond’s confession, the error was harmless because of the “overwhelming” independent evidence of Redmond’s guilt. Jenkins v. Commonwealth, 244 Va. 445, 454, 423 S.E.2d 360, 366 (1992). A different plurality of the Court, in an opinion authored by JUSTICE KINSER, declines to address the merits of Redmond’s claim that he was denied his right to counsel, and instead adopts the harmless error argument asserted by the Commonwealth.
We have applied the harmless error doctrine in a case involving a confession admitted in violation of the Fifth and Sixth Amendments in Pearson v. Commonwealth, 221 Va. 936, 945, 275 S.E.2d 893, 899 (1981). Where constitutional error occurs, we are required to assess whether that error was harmless beyond a reasonable doubt. Thus, we must determine “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.” Chapman v. California, 386 U.S. 18, 23 (1967). “In making that determination, the reviewing court is to consider a host of factors, including the importance of the tainted evidence in the prosecution’s case, whether that evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on *335 material points, and the overall strength of the prosecution’s case.” Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999).
Applying this standard, I cannot agree with the determination that the erroneous admission of Redmond’s confession was harmless. Redmond’s confession included his statement that he stabbed the victim and the circumstances under which that occurred. No other independent evidence established the circumstances under which the stabbing occurred. Thus, while there is ample independent evidence incriminating Redmond, there is insufficient evidence to establish that Redmond was guilty of the first degree murder of the victim. Under such circumstances, it cannot be concluded beyond a reasonable doubt that the erroneous admission of Redmond’s confession did not contribute to his conviction of first degree murder by the jury. Cf. id. at 552, 523 S.E.2d at 209 (holding that improperly admitted evidence corroborating defendant’s role as triggerman in capital murder was not harmless error where evidence otherwise would have supported conviction for first degree murder).
For these reasons, I would affirm the judgment of the Court of Appeals of Virginia reversing the judgment of the trial court and remanding the case for a new trial.

 The plurality’s reliance on Mueller v. Commonwealth, 244 Va. 386, 422 S.E.2d 380 (1992), Eaton v. Commonwealth, 240 Va. 236, 397 S.E.2d 385 (1990), and Poyner v. Commonwealth, 229 Va. 401, 329 S.E.2d 815 (1985), to support this conclusion is, in my view, unpersuasive. In Eaton and Poyner, the defendants’ statements were objectively requests for clarification of their Miranda rights. See Eaton, 240 Va. at 250, 397 S.E.2d at 393 (“You did say I *334 could have an attorney if I wanted one?”); Poyner, 229 Va. at 405, 329 S.E.2d at 820 (“Didn’t you tell me I had the right to an attorney?”). In Mueller, the defendant asked the detective, “Do you think I need an attorney here?” Mueller, 244 Va. at 396, 422 S.E.2d at 387.