COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Petty and Powell
Argued at Salem, Virginia


BRANDON MAURICE COLLINS

MEMORANDUM OPINION[*] BY
v.      Record No. 2107-09-3                JUDGE CLEO E. POWELL
MARCH 22, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
J. Colin Campbell, Judge Designate

Eric R. Finley (The Finley Law Firm, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Brandon Maurice Collins ("Collins") was convicted of possession of marijuana with the

intent to distribute, in violation of Code § 18.2-248.1.  On appeal, Collins argues that admission

of the laboratory certificate without him having had the opportunity to cross-examine the analyst

was error based on the Supreme Court of the United States' decision in Melendez-Diaz v.

Massachusetts, 129 S. Ct. 2527 (2009), which held that laboratory certificates are testimonial.

He asserts that the laboratory certificate was the only evidence identifying the substance as

marijuana, and therefore, the evidence is insufficient to convict him of possession of marijuana

with the intent to distribute.  For the reasons that follow, we disagree and affirm Collins's

conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

On August 12, 2006, Deputy Pack of the Montgomery County Sheriff's Office stopped the vehicle in which Collins was a passenger after the driver signaled a left turn but turned right. Collins initially provided Deputy Pack with a false name. When the driver consented to allow Deputy Pack to search the car, the deputy asked Collins and the driver to step out of the vehicle. During the search, Deputy Pack smelled marijuana. The deputy then halted his search to question Collins and the driver of the vehicle. As he approached the men, Deputy Pack noticed a bag of what appeared to be marijuana lying in the road. He had not noticed this bag before. Both men denied that the marijuana belonged to them, so Deputy Pack placed them both in custody. Deputy Pack reviewed the video taken by the camera on his police vehicle and saw that Collins was the only man near the bag. When Deputy Pack searched Collins, in one pocket, he found a very small bag of suspected marijuana, $12, and a money order. In the other pocket, Deputy Pack found $4,400.

At trial, Deputy Pack testified that he spent four years and eight months as a member of the New River Regional Drug Task Force. Based on his training and experience, he believed that the amount of marijuana found in the large bag on the ground, combined with the fact that Collins possessed a separately packaged small bag of marijuana and a large quantity of cash, indicated that the marijuana in the large bag was inconsistent with personal use. In fact, the large bag was ten times larger than what he thought was consistent with personal use. Following this testimony, the laboratory certificate was admitted over Collins's objection that it was testimonial and its admission without the analyst's testimony violated his Sixth Amendment right to confrontation.

Collins testified in his own defense. Collins admitted that the marijuana found in the road belonged to him and that he had it because he smoked marijuana. He also testified that his

mother had given him the money in his possession for upcoming court expenses.[1] He further explained that the money order belonged to his father. He stated that he gave Deputy Pack a false name because he had absconded from probation.

The trial court disbelieved Collins's testimony and found him guilty of possession of marijuana with the intent to distribute. This appeal follows.

## II. ANALYSIS

The Commonwealth correctly concedes that the trial court committed error in allowing the laboratory certificate to be admitted over Collins's objection without testimony from the analyst. See Cypress v. Commonwealth, 280 Va. 305, 314-15, 317-18, 699 S.E.2d 206, 211, 213 (2010). That said, the error is harmless.

> A federal constitutional error can be harmless provided it is harmless beyond a reasonable doubt. Stevens v. Commonwealth, 272 Va. 481, 486, 634 S.E.2d 305, 308 (2006). In conducting a federal constitutional harmless error analysis, the Court must determine "'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" Chapman v. California, 386 U.S. 18, 23 (1967) (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963)).

Id. at 318, 699 S.E.2d at 213.

> "In making that determination, the reviewing court is to consider a host of factors, including the importance of the tainted evidence in the prosecution's case, whether that evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on material points, and the overall strength of the prosecution's case."

Id. (quoting Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999)).

Here, the admission of the laboratory certificate was merely cumulative. At trial, the objection was to the admission of the laboratory certificate. No one challenged whether the substance was marijuana, and, in fact, as the Commonwealth argued, other evidence admitted at

---

[1] Collins's mother also testified to this.

trial established the nature of the substance beyond a reasonable doubt. Appellant now argues that without the laboratory certificate, the Commonwealth could not have proved that the substance was marijuana. Because the nature of the substance is an element of the offense, we must determine whether evidence introduced at the trial, other than the certificate of analysis, proved that element beyond a reasonable doubt. Id.

Indeed, when the laboratory certificate was admitted, Deputy Pack had already testified without objection that he had found a large bag of marijuana on the roadway. Moreover, Collins admitted at trial that the marijuana belonged to him. Specifically, at trial, Collins was asked "[w]as that [your marijuana] that came out of the, that they found on the road there?" Collins responded

> [y]es, sir, it was, it was my marijuana, but I was scared to tell the officer that it was my marijuana because I'm on probation and I was scared that if I told him I was, it would be a harder charge for me. So, I didn't say anything at all.

When asked why he had marijuana in his possession, Collins stated, "[b]ecause I was, I smoke marijuana." He further testified that he "had been smoking weed" in the vehicle.

It is well settled that "'[l]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction.'" Cypress, 280 Va. at 318-19, 699 S.E.2d at 214 (quoting United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976)); accord Dunaway v. Commonwealth, 52 Va. App. 281, 301, 663 S.E.2d 117, 127 (2008). Collins's admitted use of marijuana established his familiarity with the drug. His familiarity, the smell of marijuana, his admission regarding the nature of the substance, and Deputy Pack's expert opinion that it was marijuana proved beyond a reasonable doubt that the substance was marijuana. Thus, the laboratory certificate was of little, if any, significance in the Commonwealth's otherwise strong case. As such, the erroneous admission of the laboratory certificate was harmless error.

## III.  CONCLUSION

For the foregoing reasons, we affirm.

<u>Affirmed.</u>