# Wytheville.

NORFOLK RAILWAY & LIGHT CO. v. CORLETTO.

June 12, 1902.

1. PLEADING—*Negligence—How Charged—Street Railways.*—A declaration against a street-car company which charges that the company so "negligently, carelessly, recklessly and improperly" managed its cars as to inflict the injury complained of upon the plaintiff, who was in and upon the street of the city, sufficiently charges a breach of duty by the defendant, without giving other particulars.

2. EXPERT EVIDENCE—*Street Railways—Speed.*—Expert testimony is admissible to show within what space a street car running under given conditions may be stopped.

3. STREET RAILWAYS—*Speed—Statutes—Ordinances—Negligence.*—Statutes and municipal ordinances regulating the speed of railroad trains and street cars at certain places are made for the protection of travellers, and any violation of them is competent evidence of negligence in an action brought by a traveller on the highway, even though only a penalty is imposed for their violation.

4. STREET RAILWAYS—*Municipal Regulations—Speed.*—Street railway companies are subject to reasonable municipal or police control, and are bound by reasonable ordinances fixing rate of speed, though passed after they had obtained the right to run their cars upon the streets of the city.

5. INSTRUCTIONS—*Evidence to Support.*—It is error to give an instruction when there is no evidence tending to prove the facts upon which it is based.

6. INSTRUCTIONS—*Error—Effect on Verdict.*—It will be presumed that an erroneous instruction affected the verdict of the jury, and it will be set aside unless it appears from the whole record that the error did not affect, and could not have affected, the verdict.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, rendered June 24, 1901, in an action of trespass

on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Richard B. Tunstall,* for the plaintiff in error.

*Thomas H. Wilcox* and *Tazewell Taylor,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned is the action of the court in over-ruling the demurrer of the Railway and Light Company to plaintiff's declaration. The objection made to the declaration is that it does not allege facts from which there could be inferred any duty owing by the defendant to the plaintiff. The declaration contains only one count. It alleges that, at the time of the injury complained of, the Railway and Light Company was possessed of, and was operating by electricity, a certain street railroad on Church street, one of the public highways of the city of Norfolk, and that, whilst operating the same, it so carelessly, recklessly, negligently and improperly managed its cars that, by reason of its carelessness and negligence, one of its cars ran and struck with great force and violence upon and against the plaintiff, who was then and there in and upon the street, whereby his left hand and the forefinger of his right hand were so fractured and injured that they had to be and were amputated, and that the plaintiff was otherwise greatly injured.

It may be that the averments of the declaration would not be sufficient to make a *prima facie* case of negligence against the defendant if it had been an ordinary steam railway company operating its cars on its own premises. But the defendant company was not operating its cars upon its own land, but upon a public street, where the plaintiff had the right to be. He was neither a trespasser nor a licensee. 2 Sher. & Red. on Neg.

(5th ed.), sec. 485c; Elliott on Roads and Streets, sec. 765. Having the legal right to be upon the street, it was the duty of the defendant to exercise reasonable care to avoid injuring him; and if, as the declaration alleges, the defendant negligently and carelessly ran its car upon him, it was clearly liable for the injury inflicted unless he was guilty of contributory negligence, and this does not appear from the averments of the declaration.

The demurrer was properly overruled.

The second assignment of error is based upon Bill of Exception No. 1, which bill, after setting out a portion of the examination of one of the witnesses, concludes as follows:

"The counsel for plaintiff then asked the witness: 'If he had seen the child, was he sufficiently far from it to stop his car before reaching the child?' To which question the counsel for the defendant objected. The court thereupon asked the witness the following question: 'Q. Do you know the distance in which a car can be stopped?' And the witness answered as follows: 'Yes sir. I have seen the cars stop in about a length and a half of itself. On one occasion, when I happened to be on the car coming from Lambert's Point, they ran upon a colored man, and he applied his brakes, and reversed, and stopped in about a length and a half.' The counsel for plaintiff then asked: 'Q. Was this more than a length and a half?' To which the counsel for the defendant objected, and the court overruled the said objection, and allowed the witness to answer, to which ruling the defendant by its counsel excepted, and prays that this its first bill of exception may be signed, sealed, and made a part of the record, which is accordingly done."

If it were conceded, as is argued by counsel for plaintiff in error, that expert evidence was not admissible as to the distance within which the car could be stopped, and that even if it were, it did not appear that the witness was an expert, those questions are not raised by the bill of exception. The only point saved, and the only exception taken to the action of the court, was to its

overruling the defendant's objection to the last question in the bill of exception, and in permitting it to be answered. That was clearly a proper question. Its object was to elicit a relevant fact, not to obtain an expression of opinion, and the court did not err in permitting it to be answered. As the judgment will have to be reversed for errors hereinafter discussed, and a new trial ordered upon which the same or similar evidence may be offered, it is proper to say that we are clearly of the opinion that expert evidence is admissible to show within what space a street car running under given conditions may be stopped. This is a subject not within the range of common experience and observation, but involves technical and peculiar knowledge as to which expert evidence is admissible. Lawson on Expert Evidence, pp. 86-87. It does not appear, however, from the record that the witness whose opinion was asked possessed such knowledge or experience on the subject as qualified him to testify as an expert.

The trial court permitted the plaintiff to introduce in evidence an ordinance of the city of Norfolk, which provided, among other things, that no car propelled by electricity should be run on the streets, in the business or residence sections of the city, at a greater rate of speed than ten miles an hour, or run over or through any street crossing at a greater rate of speed than three miles an hour; and instructed the jury that if they believed that the defendant company had failed to comply with the ordinance in that respect, and that such failure contributed to the plaintiff's injury, they might consider the fact in connection with all the other facts and circumstances in the case in determining whether or not the injury was caused by the negligence of the defendant. The admission of that evidence and the giving of that instruction are assigned as error, upon the ground that there was no evidence introduced which tended to show that the car in question was running at a prohibited rate of speed, and, if there had been such evidence, it was error to give the instruction, because the ordinance did not bind the defendant in respect to

third persons; that the ordinance was no part of the franchise granted the defendant by the city, and was passed subsequently to the grant; that it did not purport to create a right of action between third persons, or enlarge the common law liability of citizens; that it was not enacted for the benefit of any particular person, but was only a penal ordinance in the nature of a police regulation, and did not declare that a violation thereof would be negligence.

Statutes regulating the speed of railroad trains at certain places being regulations clearly intended for the protection of travellers, it is well settled that any violation of them is competent evidence of negligence in an action brought by a traveller on the highway, even though the statute simply imposes a penalty for its violation. Shearman & Redfield on Neg. (5th ed.), secs. 13 and 467; *Union Pacific R. Co.* v. *McDonald,* 152 U. S. 262; *A. & D. Rwy. Co.* v. *Reiger,* 95 Va. 418. Statutes and valid municipal ordinances regulating the speed of trains or street cars, stand upon the same footing. Shear. & Red. on Neg., sec. 467; *Grand Trunk Rwy. Co.* v. *Ives,* 144 U. S. 408, 418. The fact that the ordinance was passed after the defendant was given the right to operate its cars upon the streets of the city does not render it any less binding upon the defendant. Even direct legislative authority to a street railway company to use the streets of a city does not exempt it from reasonable municipal or police control, and it is subject to such ordinances to the same extent as natural persons. Booth on Street Railways, secs. 222, 223; Elliott on Roads and Streets (2d ed.), sec. 459.

The admission of the ordinance and the instruction given were proper unless, as is contended, there was no evidence tending to show that the defendant was running its car when the plaintiff was injured at more than ten miles an hour, the accident not having occurred at a street crossing.

None of the plaintiff's witnesses attempt to give the number of miles the car was running at that time, or that it was running

more than ten miles an hour. Some of them say it was going or coming at "a rapid gait"—that it was running very rapidly. One of them stated that when it crossed Bute street, which was the last street crossed before the accident, it was running rapidly—faster, he *imagined*, than it ought to go, at a crossing, but he could not say whether or not it was going as much as five miles an hour. They do not state that it was running at an unusual rate of speed, nor do they give any facts from which it can be inferred that it was running more rapidly than the limit fixed by the ordinance. On the other hand, the motorman, a witness for the defendant, who was running the car, states that it was running less than ten miles an hour, and that it was so geared that it could not run over that rate.

We do not think that the evidence tends to show that the car was running at a greater rate of speed than ten miles an hour when the accident occurred, and, this being so, the ordinance was not relevant testimony, and the instruction ought not to have been given.

It has been repeatedly held that it is error to give an instruction when there is no evidence tending to prove the facts upon which the instruction is based. The reason for this is that the tendency of such instructions is to mislead the jury, by withdrawing their attention from the legitimate points involved in the issue. Juries are sufficiently prone to indulge in conjectures, without having possible facts not in evidence suggested for their consideration. *Kimball & Fink* v. *Borden*, 95 Va. 203, 207, and authorities cited. It is also well settled that if a misdirection or other mistake of the court appear in the record it must be presumed that it affected the verdict of the jury, and is therefore ground for which the judgment must be reversed, unless it plainly appears from the whole record that the error did not affect, and could not have affected, their verdict. *Kimball & Fink* v. *Borden, supra,* and authorities cited; *Richmond Traction Co.* v. *Hildebrand,* 99 Va. 56. We cannot say that the evi-

dence and instruction complained of did not affect, and could not have affected, the jury in reaching the conclusion they did.

The giving of instructions numbered three and four asked for by plaintiff is also assigned as error.

It is not denied that these instructions assert correct legal propositions, but it is claimed that they are not applicable to the facts of the case. There is some ground for the criticism made upon these instructions, but as the case has to be reversed upon other grounds, it is not necessary to consider this assignment of error further than to say that instructions should always be framed with reference to the specific facts of the case, and that at the next trial the court should be careful not to give instructions based upon facts which the evidence does not tend to establish.

As there is to be a new trial, it is unnecessary, if not improper, to consider the remaining assignment of error, that the verdict of the jury was contrary to the evidence.

· The judgment must be reversed, the verdict set aside, and a new trial awarded to be had in accordance with law, and not in conflict with the views expressed in this opinion.

*Reversed.*