COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


TRAY DARNELL CONAWAY

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2077-03-4            JUDGE RUDOLPH BUMGARDNER, III
                                               FEBRUARY 1, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
James W. Haley, Jr., Judge

S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


       Tray Darnell Conaway was indicted for attempted malicious wounding, use of a firearm

in the commission of attempted malicious wounding, possession of marijuana with intent to

distribute, and possession of a firearm while possessing a controlled substance.  The trial court

granted a motion to strike the first two charges, and the jury convicted of the second two charges,

violations of Code §§ 18.2-248.1 and -308.4.  The defendant only appeals the firearm conviction

contending the trial court admitted hearsay evidence.  Finding no error, we affirm.[1]

       William Lacurgo testified that he accompanied Lloyd Whitford to the defendant's

residence because, "Lloyd Whitford was going to purchase a bag of marijuana."  The defendant

first objected that the statement was speculation.  After obtaining an adverse ruling, he objected

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We do not consider the defendant's argument first raised in his reply brief that he was
denied the right to confront Lloyd Whitford, citing Crawford v. Washington, 541 U.S. 36 (2004),
because he did not raise it before the trial court.  Rule 5A:18.

that the statement was hearsay. The Commonwealth argued it came under the "state of mind, statement of future intention" exception to the hearsay rule. The trial court overruled the defendant's objection. Whitford did not testify during the trial.

The Commonwealth's evidence showed that the defendant and Brandon Mitchell were in the living room watching television when Lacurgo and Whitford arrived. The defendant offered them marijuana, and Whitford and Mitchell smoked some. A few minutes later, the defendant went back to his bedroom and called for Whitford to join him. A minute or two later, Lacurgo heard an argument followed by gunshots. All four ran out of the house and left the area.

Police quickly arrived at the house. In the defendant's bedroom, they found nearly a pound and a half of marijuana, scales, an "owe sheet," two boxes of sandwich baggies, and an ammunition clip with two boxes of ammunition. In the living room, police recovered a water pipe, copies of a magazine produced for marijuana growers, and a cigar of the type commonly used to smoke marijuana. Under the kitchen sink, they found bongs for smoking marijuana.

The defendant testified Whitford came to his house and offered to sell him marijuana, but the defendant did not have any money. While in the defendant's bedroom, the defendant showed Whitford a rifle while they discussed the defendant buying drugs from Whitford. The defendant testified that Whitford grabbed the rifle and shot into the corner of the bedroom. The defendant wrested the rifle from Whitford and fled.

The statement that Whitford was going to buy marijuana from the defendant was not hearsay because it was not offered to prove the truth of the matter asserted. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. A statement offered for any other purpose is not hearsay and is, therefore, governed by the other rules of admissibility." Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (*en banc*) (citation omitted).

The statement explained why the witness, Lacurgo, and the declarant, Whitford, went to the scene of the shooting, the defendant's residence. "If a statement is offered . . . to explain the declarant's conduct or that of the person to whom it was made, it is not objectionable as hearsay." Hamm v. Commonwealth, 16 Va. App. 150, 155-56, 428 S.E.2d 517, 521 (1993). See A Guide to Evidence in Virginia § 801(c) (2004). The statement puts the events in context.

If Whitford's statement was offered to prove that he intended to buy marijuana from the defendant, it was hearsay but admissible as an exception to the hearsay rule. It came under the state of mind exception. Charles E. Friend, The Law of Evidence in Virginia § 18-18, 791-92 (6th ed. 2003). See A Guide to Evidence in Virginia § 803(3). Under that exception, a declarant's statement is admissible to prove his intent "concerning some future act." Friend, supra, at 790. See Elliot v. Commonwealth, 30 Va. App. 430, 437, 517 S.E.2d 271, 275 (1999). See also United States v. Jenkins, 579 F.2d 840, 843 (4th Cir. 1978) (conversations between two people about an impending drug transaction were admissible against defendant to show purchasers' intent and purpose in going to seller's house); United States v. Badalamenti, 794 F.2d 821, 825-26 (2d Cir. 1986) (declarant's statement that he was going to meet defendant to obtain heroin admissible upon proffer that independent evidence proved meeting actually took place).

Finally, the admission of the out-of-court statement could only have been a harmless error. Clay v. Commonwealth, 262 Va. 253, 259-60, 546 S.E.2d 728, 731-32 (2001). The jury found the defendant guilty of possession of marijuana with intent to distribute it, and the defendant did not appeal that conviction. The finding that he possessed marijuana with the intent to distribute is a fact binding on appeal. The law of the case doctrine "provides that where no assignment of error or cross-error is taken to a part of a final judgment, the judgment becomes

the law of the case and is not subject to relitigation." Lockheed Info. Mgmt. Systems, Co. v. Maximus, Inc., 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000).

The defendant's own evidence showed that he possessed marijuana and had sold on other occasions. He conceded the evidence was sufficient to establish a prima facie case of the charges for which he was convicted. A non-constitutional error will not require reversal if it "plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678; Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) *(en banc)*. An error does not affect the verdict if we can determine, "without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Id. We conclude the verdict would have been the same.

The admission of Whitford's statement that he intended to buy marijuana from the defendant was not error. Accordingly, we affirm.

Affirmed.

Benton, J., dissenting.

The jury convicted Tray Conaway of two offenses involving different amounts of marijuana -- possession with the intention to distribute more than one-half ounce of marijuana (Code § 18.2-248.1) and possession with the intent to distribute more than one pound of marijuana while possessing a firearm (Code § 18.2-308.4(C)). The dispute in this case ultimately concerns the possession of more than one pound of marijuana that was discovered in a backpack in Conaway's bedroom. Conaway testified that the backpack was brought to the residence by Lloyd Whitford. Whitford did not testify at trial.

To prove the events that occurred at the residence the Commonwealth primarily relied upon the testimony from William Lacurgo. Lacurgo testified that he and Whitford went to the residence where Conaway and Travis Baker lived. Over Conaway's objection, the trial judge permitted Lacurgo to testify during the Commonwealth's case-in-chief that "Whitford said he was going to buy one [bag of marijuana] from [Conaway]."

When Lacurgo and Whitford arrived at the residence, which was owned by Baker's father, Conaway and Brandon Mitchell were present. While they watched television, Conaway asked Lacurgo and Whitford if they wanted "to have a hit" of marijuana from a glass smoking device that was in the living room. The evidence proved Whitford and Mitchell each "took a hit" of marijuana.

After five minutes, Conaway and Whitford went into Conaway's bedroom. A minute or two later Lacurgo heard an argument and ran out of the house after hearing three or four gunshots. Conaway soon left the residence and drove away in Mitchell's truck. Whitford then came out the residence. As Whitford prepared to drive away in his vehicle, Mitchell came out of the house, pointed a rifle at Whitford's vehicle, and began shouting and screaming. Lacurgo and Whitford fled in Whitford's vehicle.

- 5 -

Conaway testified that when Whitford came to the residence Whitford brought the backpack with him. Whitford asked whether Conaway "wanted to buy any dope." Conaway testified that he told Whitford that he did not have any money. During the discussion, they went to Conaway's bedroom, where Whitford pointed a gun at him. They argued, and Whitford fired the gun. As Conaway wrestled him for the gun, the gun discharged again. Conaway testified that he then ran from the residence.[2]

I would hold that the trial judge erred when he permitted Lacurgo to testify about Whitford's out-of-court statement. The Supreme Court has "defined hearsay evidence as 'testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Jenkins v. Commonwealth, 254 Va. 333, 338-39, 492 S.E.2d 131, 134 (1997) (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977)). The rule is well settled in Virginia that the out-of-court statement by a declarant about the intent of the accused, existing before the occurrence of the charged criminal event, must be excluded as hearsay unless the statement was made in the presence of the accused. Jones v. Commonwealth, 202 Va. 236, 242, 117 S.E.2d 67, 72 (1960). "Manifestly . . . evidence [of this nature is] hearsay and inadmissible." Id.

In this case the hearsay statement was offered not merely to show that the declaration was made, but it was intended to prove the declaration's content. There is no limited purpose for which this declaration was offered. See Donahue v. Commonwealth, 225 Va. 145, 151-52, 300 S.E.2d 768, 771 (1983); Hanson v. Commonwealth, 14 Va. 173, 186-89, 416 S.E.2d 14, 24 (1992). As the Commonwealth admits on brief, the evidence was offered because "[i]t was

---

[2] The jury acquitted Conaway of the charges of attempted malicious wounding and use of a firearm in attempting to maliciously wound.

important evidence that [Conaway], and not Whitford, possessed the marijuana found in [Conaway's] house."

Whitford's statement is one of belief in a past fact: that Conaway sells marijuana. Statements of belief of a past fact cannot be admissible under the state of mind exception. Such an exception would consume the hearsay rule, because virtually anything uttered would be admissible. "No matter how earnestly the declarant wants to see a particular fact, his state of mind does not control the factual occurrence." Paul R. Rice, Best Kept Secrets of Evidence Law 107 (Anderson Press 2001). For example, if Whitford had said, "(My present state of mind is) Conaway sells marijuana," the statement would be inadmissible hearsay. It is not reasonable or logical to admit Whitford's statement simply because it involves Whitford's future intent. Certainly, the statement is less reliable in such a case, not more. Significantly, too, the record does not contain anything suggesting that Whitford made the statement based on his personal knowledge that Conaway sold marijuana. Thus, Whitford's belief could conceivably be based on multiple levels of hearsay.

The decision in United States v. Jenkins, 579 F.2d 840 (4th Cir. 1978), disproves the point the majority opinion intends to make. The evidence in Jenkins proved the grand jury had received wiretap evidence that a woman told a suspect, whom the government was investigating for drug offenses, that she would come to his house on North Ellwood Avenue within an hour. Near the appointed hour, the woman and Jenkins arrived in a vehicle and entered the suspect's house. Called as a witness before this same grand jury, Jenkins testified about two versions of his presence on North Ellwood Avenue. He first testified that he had gone to see a friend in another block on the same street and that the woman did not leave the vehicle. When he was later recalled to testify before the grand jury, Jenkins again testified that the woman merely had

gone along for a ride, but this time he added that she left the vehicle for about ten minutes and he further testified he did not know where she had gone.

The government prosecuted Jenkins for perjury. At trial, Jenkins testified and gave a third version, indicating that after he visited his friend the woman asked him to take her to the next block to visit a friend. He said he did so and waited in the vehicle for her. Over a hearsay objection, the judge allowed the government to enter as evidence the intercepted conversations between the suspect and the woman to prove the woman said "I'm on my way." Id. at 842-43. Finding a non-hearsay purpose, the Court of Appeals ruled that unlike in United States v. Kaplan, 510 F.2d 606 (2nd Cir. 1974), where statements were ruled inadmissible because they "were accusatorial . . . regarding the *activities* of [the accused]," the statements in Jenkins "were offered only to show *why* Jenkins behaved as he did . . . [and] not to show his conduct on the night in question." 579 F.2d at 844.

In this case, as in Kaplan and unlike Jenkins, the evidence of Whitford's out-of-court declaration was accusatorial evidence to prove Conaway's conduct and was offered to prove the truth of the declaration. It served no purpose except to prove Conaway's conduct at the residence on the day in question. See also Clark v. United States, 412 A.2d 21, 29 (D.C. 1980) (holding declarant's statements "are only reliable as to the declarant's own intention . . . [because] the prejudice of the defendant is compounded" (citing People v. Alcalde, 148 P.2d 627, 633 (Cal. 1944) (Traynor, J., dissenting))).

In United States v. Badalamenti, 794 F.2d 821 (2nd Cir. 1986), the trial judge admitted in evidence an informant's out-of-court statement to a police officer that the informant was going to meet a third person (not the defendant) to obtain a sample of heroin. Id. at 825. The judge admitted the statement on the theory that it "could be connected to [the informant's] subsequent meeting with [the defendant] because it was corroborated by independent evidence." Id. The

- 8 -

case summarily discusses this issue and does not disclose in any detail the theory upon which the evidence of the informant's meeting was tied into the subsequent meeting with the defendant. Significantly, however, the Court in Badalamenti noted that the informant's "statement was not offered to prove the subsequent conduct of [the defendant] or anyone other than [the informant]." Id. at 826.

The out-of-court statement at issue in this case was offered solely to prove the truth of the declaration -- that Conaway sold marijuana. This case presents no issue about the identity of Whitford or where he was when the alleged events occurred. The statement had no relevant purpose except to prove Conaway possessed and distributed marijuana for sale. I would hold, therefore, that it was hearsay and inadmissible.

The evidence was so prejudicial to Conaway that we cannot reasonably conclude that it did not affect the verdict.

> "[I]f one cannot say, with fair assurance, after pondering all that
> happened without stripping the erroneous action from the whole,
> that the judgment was not substantially swayed by the error, it is
> impossible to conclude that substantial rights were not affected. . . .
> If so, or it one is left in grave doubt, the conviction cannot stand."

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 732 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)). Applying this test, the United States Supreme Court has held that "the principle of Kotteakos [means] that when an error's natural effect is to prejudice substantial rights and the court is in grave doubt about the harmlessness of that error, the error must be treated as if it had a 'substantial and injurious effect' on the verdict." O'Neal v. McAninch, 513 U.S. 432, 444 (1995). "The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." Kotteakos, 328 U.S. at 765. Consistent with these principles, the

- 9 -

Supreme Court of Virginia has held that even if "the other evidence amply supports the . . . verdicts, [error is not harmless when] the disputed [evidence] may well have affected the . . . decision." Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978). See also Hooker v. Commonwealth, 14 Va. App. 454, 458, 418 S.E.2d 343, 345 (1992) (holding that "a harmless error analysis . . . [is not] simply a sufficiency of the evidence analysis").

In this case, the evidence was disputed whether the backpack containing more than one pound of marijuana belonged to Conaway or Whitford.[3] The conviction for possessing a firearm while possessing more than one pound of marijuana was directly related to whether Conaway or Whitford possessed the backpack. The jury could have substantially relied upon Lacurgo's testimony about Whitford's hearsay statement in concluding that Whitford was buying rather than selling marijuana. This testimony had a direct bearing upon who possessed the backpack.

It is reasonable to assume that in weighing Conaway's denial of ownership of the backpack, the jury gave substantial weight to Lacurgo's testimony that Whitford was intending to buy marijuana. Thus, we cannot conclude, in the context of the entire record, that the error did not influence the jury and that the error did not prejudicially affect the jury's verdict. I would hold that it does not plainly appear that the error did not substantially and injuriously affect the verdict. The evidence, if successful in achieving its purpose, clearly would have affected the verdict. See Norfolk Ry. & Light Co. v. Corletto, 100 Va. 355, 360, 41 S.E. 740, 742 (1902) (holding that "[i]t is . . . well settled that if a . . . mistake of the court appear[s] in the record it must be presumed that it affected the verdict of the jury, and is therefore ground for which the

---

[3] Lacurgo's testimony that Conaway offered free hits of marijuana to Whitford and Mitchell was sufficient to sustain the unappealed verdict, that Conaway possessed more than one half ounce of marijuana with the intent to distribute. That conviction provides no preclusive effect concerning the issue in this appeal because only the backpack contained more than one pound of marijuana.

judgment must be reversed, unless it plainly appears from the whole record that the error did not affect, and could not have affected, their verdict").

For these reasons, I would reverse the conviction for possession of a firearm while possessing more than one pound of marijuana.